### ED HARGRAVE v. THE STATE.

No. 4322.   Decided March 11, 1908.

**1.—Murder—Statement of Facts—Questions and Answers—Stenographers' Report—Condensed Form.**

Under the Act of the Thirtieth Legislature, page 510, with reference to statement of facts in criminal cases, it is provided that in felony cases, in the event of appeal, an accurate stenographic record shall be kept of all proceedings of the trial, and in case of disagreement of counsel, so much of the stenographer's report shall be inserted in the statement of facts as is necessary to show what the witness testified to, in a condensed form; and that questions and answers shall only be included, when in the opinion of the trial court, they are necessary.

**2.—Same—Case Stated.**

Where upon appeal from a conviction of murder in the second degree, the entire statement of facts was by questions and answers, and nothing appeared in the record that such statement of facts was brought within the rules contained

in section 6 of the Act of the Thirtieth Legislature, p. 510, a motion to strike out, by the State, was well taken and sustained.

### 3.—Evidence—General Reputation of House—Bill of Exceptions.

Where the bill of exceptions to testimony of the general reputation of the house where the homicide occurred as a house of prostitution, did not exclude all theories or matters upon which the testimony might be admissible, and there might have been circumstances readily conceivable that would justify its introduction, the same did not present a question for reversal; although as a general proposition, such testimony might not have been admissible. Following Gibson v. State, 23 Texas Crim. App., 414, and Villareal v. State, 26 Texas, 108.

### 4.—Same—Argument of Counsel—Allusion to Defendant's Failure to Testify.

Where upon trial for murder the record disclosed that there were other witnesses than defendant and the main prosecuting witness to the homicide; or which other witnesses may have been so situated with reference to the parties engaged in the difficulty that they could have seen or known sufficiently of the evidence to have assisted defendant in his theory of self-defense, a remark by State's counsel asking why defendant had not placed some witness on the stand to establish his self-defense, was not reversible error; the court having excluded the remark from the jury. Following Reinhard v. State, 52 Texas Crim. Rep., 59.

Appeal from the District Court of Mitchell. Tried below before the Hon. James L. Shepherd.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Hood & Shadle,* for appellant.—On question of allusion to defendant's failure to testify: Martinez v. State, 48 Texas Crim. Rep., 222; 12 Texas Ct. Rep., 671; Wallace v. State, 46 Texas Crim. Rep., 341; 10 Texas Ct. Rep., 915; Washington v. State, 8 Texas Ct. Rep., 944; Brazell v. State, 33 Texas Crim. Rep., 333.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the second degree, his punishment being assessed at twenty-five years confinement in the penitentiary.

The entire statement of facts is by questions and answers. Motion by the Assistant Attorney-General is made to strike same from the record as being in contravention of the 6th section of the Act of the Thirtieth Legislature, at page 510, with reference to statement of facts in criminal cases, which is as follows: "In the trial of criminal cases in the district court, in which the defendant is charged with felony, the stenographer shall keep an accurate stenographic record of all the proceedings of such trial in like manner as is provided for in civil cases, and should an appeal be prosecuted from any judgment of conviction, whenever the State and defendant cannot agree as to the testimony of any witness, then and in such event so much of the transcript of the stenographer's report with reference to such disputed fact or facts shall be inserted in the statement of facts as is necessary to show what the witness testified to in regard to the same, and shall constitute a part of the

statement of facts, and the same rule shall apply in the preparation of bills of exception provided that such stenographer's report, when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers, except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved." Under these provisions of the law, we are of opinion the motion of the Assistant Attorney-General should be sustained. There is nothing connected with the record and the preparation of the statement of facts which brings it within the rules prescribed by the above section indicating that the trial judge deemed it necessary to an understanding of the case to so make up and constitute said statement of facts. The statement of facts, therefore, cannot be considered.

There are three bills of exception reserved to the action of the court permitting witnesses to testify to the general reputation of the house at which the homicide should have occurred, to wit: that it was a house of prostitution. As a general proposition, we are of opinion that evidence of this character is not admissible in cases of this sort; but there are circumstances readily conceivable that might justify its introduction. If the deceased was an officer, and there is some intimation in the qualifications to the bill that such was the case, and was there in the discharge of his duty as required in obedience to the terms of article 363 of the Penal Code, it would be permissible to show the house to be one of ill fame; and there might be other circumstances or matters arising during the trial making such testimony admissible. In order to justify a reversal of the case upon these exceptions, it would be necessary for the bills to exclude all theories or matters upon which the testimony might be admitted. This remark is made in view of the fact that the testimony in the case is not before the court. As these matters are presented in the record, we are of opinion there is no such error as would require a reversal. We refer to Gibson v. State, 23 Texas Crim. App., 414, and Villareal v. State, 26 Texas, 108, in which evidence showing the character of the house at which the homicide occurred was admitted. In each instance it was a bawdy house. In the Gibson case, supra, she was the accused party—the mistress of the house at which the homicide occurred, living there; and incidentally it may be remarked, that she seemed to have been defending somewhat upon the line of thought that it was her home. In Villareal v. State, supra, the appellant proposed to show he was at the bawdy house at the time the killing occurred. The trial court rejected the testimony, and our Supreme Court held the ruling error. We do not wish to be understood, however, as saying that in all cases this character of testimony would or would not be admissible; it would depend upon the facts in each case, and the manner in which it was presented.

Another bill of exceptions is reserved to some remarks of one of the prosecuting officers, to wit: "Why did he not place some witness on the stand to establish self-defense?" Objection was urged to this as being

unwarranted by the evidence, and calculated to injure appellant before the jury, and that it was an indirect reference to his failure to testify in his own behalf, and the bill recites that as a matter of fact he did not testify, and that there were only two witnesses to the homicide in question, to wit: himself and one Albert Smith. It is further recited that the State introduced Smith as a witness, and it is also shown in the bill that the court excluded the remark from the jury, and instructed them not to regard it, and it is further stated in the bill that appellant prepared a charge in writing asking the withdrawal of the remark, which was given to the jury. The court signs this bill with the qualifications, "that the record shows that while not present, that there were five other people inside the house, to wit: Daniels and wife, John Brown, Hattie and Rose Ross' husband; and the court was of the impression that the phrase 'Why did he?' etc. referred to one of appellant's attorneys." Just where the homicide occurred is not shown by the bill of exceptions, and we are left somewhat to conjecture. The bill, however, makes it reasonably apparent that the above named parties were inside of the house, and it makes it reasonably to appear that the killing occurred at the house. These witnesses may have been so situated with reference to the parties engaged in the difficulty that they could have seen or known sufficiently of the evidence to have assisted him in his theory of self-defense. As the bill is presented, it is not made sufficiently to appear that the remarks were pointed at the defendant's failure to testify. See Reinhard v. State, 52 Texas Crim. Rep., 59, 106 S. W. Rep., 128. In the Reinhard case a similar question arose, and was presented very much as is this question.

As the record is before us, we are of opinion the errors complained of are not sufficient to require a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*