Appellant apparently was the only person in possession.

[3] A variance or failure of proof is claimed, because J. R. Dunn was not shown by the evidence to have been the owner within the meaning of the statute. The members of the partnership were manifestly the owners of the property. If one of the partners had been in possession, that is, having actual care, control and management of the property, we understand it would not have been necessary that the indictment take any note of the other members. See Farris v. State (Tex. Cr. App.) 69 S. W. 140; Davis v. State, 63 Tex. Cr. R. 453, 140 S. W. 349; Suggs v. State, 65 Tex. Cr. R. 67, 143 S. W. 186; Whorton v. State, 68 Tex. Cr. R. 187, 151 S. W. 300.

In the present case, we understand J. R. Dunn to have been one of the joint owners, and that he was not in possession. If this interpretation of the statement of facts is correct, there seems to have been a variance in the proof attempted. Moreover, on the issue of ownership, the relation of the Commercial Investment Trust is not to be ignored.

For the reasons stated, the motion for rehearing is granted, the affirmance is set aside, the judgment is reversed, and the cause remanded.

---

## WILLIAMS v. STATE.　(No. 9488.)

(Court of Criminal Appeals of Texas.　Nov. 18, 1925.　Rehearing Granted Jan. 20, 1926.)

**1. Criminal law ☞1091(5)—Bill of exception failing to disclose nature of excluded evidence held insufficient.**

On appeal from conviction for negligently driving automobile, bill of exception complaining of refusal to permit witness to testify as to damages to car of prosecuting witness *held* insufficient, where it failed to show what appellant expected to prove by such witness; it not in itself disclosing error.

**2. Criminal law ☞1091(9)—Bill of exceptions to refusal of special charges must show such charges were presented prior to general charge.**

Where, on appeal from conviction for violation of Complete Tex. St. 1920 or Vernon's Ann. Pen. Code Supp. 1918, art. 1022a, for driving motor car negligently, appellant submitted bills of exception for refusal of 'special charges, such exceptions *held* insufficient as not showing charges were submitted prior to general charge.

**3. Criminal law ☞1086(14) — Record must show exceptions and rulings to have questions considered on appeal.**

Where, on appeal from conviction for violation of Complete Tex. St. 1920 or' Vernon's Ann. Pen. Code Supp. 1918, art. 1022a, for driving motor car negligently, record showed no exception to general charge at trial, other than by uncertified written instrument so purporting, but showing no ruling thereon as required by Vernon's Ann. Code Cr. Proc. 1916, arts. 735, 736, 737a, it was *held* such exceptions would not be considered.

### On Motion for Rehearing.

**4. Criminal law ☞1091(11)—Bill of exceptions in question and answer form held insufficient.**

Where, on appeal from conviction for violation of Complete Tex. St. 1920 or Vernon's Ann. Pen. Code Supp. 1918, art. 1022a, for negligent driving of automobile, appellant's bill of exceptions contained only stenographer's notes in question and answer form, it was *held* such exceptions were insufficient under Vernon's Ann. Code Cr. Proc. 1916, art. 846.

**5. Criminal law ☞1169(6)—Exhibition of injured leg to jury held harmless error.**

In prosecution for violation of Complete Tex. St. 1920 or Vernon's Ann. Pen. Code Supp. 1918, art. 1022a, for driving motor car negligently and colliding with and injuring others, where child was allowed to exhibit injured leg to jury, such ruling, though improper, was *held* harmless error as lowest penalty was assessed.

**6. Criminal law ☞1122(6)—Bill of exceptions must show that charges refused were requested before conclusion of argument.**

On appeal in a criminal case, bills\of exception complaining of refusal of charges will not be considered where it is not shown that the charges were requested before argument was concluded, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 737.

**7. Automobiles ☞355—Evidence held insufficient to prove offense, of gross negligence.**

In prosecution for violation of Complete Tex. St. 1920 or Vernon's Ann. Pen. Code Supp. 1918, art. 1022a, for driving motor car with gross negligence, evidence *held* insufficient to support allegation of gross negligence.

Commissioners' Decision.

Appeal from Wichita County Court at Law; C. M. McFarland, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A. B. Williams was convicted of driving a motor vehicle willfully and with gross negligence, and he appeals. Reversed and remanded.

Carrigan, Britain, Morgan & King, of Wichita Falls, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J. The appellant was convicted in the county court at law of Wichita county of the offense of unlawfully, willfully, and with gross negligence of driving an automobile and colliding with and causing injury to W. F. Van Hooser and others upon a public highway, and his punishment assessed at $25.

The record in this case discloses eleven bills of exceptions. Bills of exceptions Nos. 1, 5, 6, 7, 8, and 9 are entirely in question and answer form and in violation of article 846 of Vernon's C. C. P. Under this article it has been repeatedly held that this court would not consider bills of exceptions in question and answer form, and for that reason we are unable to consider same.

By bill of exception No. 2 complaint is made to the action of the court in permitting the state to have O. L. McDonald, Jr., a boy about eight years old, while testifying "to exhibit his leg and the injury thereto to the jury." This bill is insufficient and defective in that it fails to set out sufficient facts of itself for this court to determine the alleged error complained of, and for that reason same cannot be considered. Hubbard v. State, 94 Tex. Cr. R. 480, 251 S. W. 1054; Cavanar v. State, 99 Tex. Cr. R. 446, 269 S. W. 1053.

[1] In bill of exception No. 4 complaint is made to the action of the court in refusing to permit the appellant to question some one relative to damages to his car. The bill states:

"While the plaintiff was on the stand testifying, he was asked with reference to his undertaking to collect for damages to the car before filing complaint and that if his reason for filing the complaint was because Williams did not pay for the damage to his car."

We presume by the use of the term "plaintiff" is meant the prosecuting witness McDonald, husband of the injured wife and father of the injured children. However, said bill fails to show what the appellant expected to prove by said witness, and besides it is not sufficient in itself to show the error complained of by him. In the absence of such showing this court under the law would have to presume that the ruling of the trial court was correct. Branch's P. C., §§ 207 and 212, pp. 131 and 136.

[2] Bills of exceptions Nos. 10 and 11 complain of the refusal of the court to submit appellant's special charges 3 and 4. Neither of said bills nor the special charges embraced therein show that same were presented to the court prior to the court's reading his general charge to the jury, as required by the statutes and decisions of this state, and for that reason same are insufficient. Crouchette v. State, 99 Tex. Cr. R. 572, 271 S. W. 99.

[3] Besides the record does not show that appellant excepted and objected to the court's general charge as required by law, but we find in the record a purported written instrument excepting to the court's charge, but same is without any certification of the judge or his signature, showing same was ever presented to him or any ruling ever made thereon by him as required by articles 735, 736, and 737a, Vernon's C. C. P. This court has held, without any certificate or verification of the trial court to the exceptions and objections to the charge, same would not be considered. See the case of Aldridge v. State, No. 9243, 276 S. W. 256 not yet [officially] reported.

Bill of exception No. 3 complains of the action of the court in refusing to instruct a verdict of not guilty. We think that the court committed no error in refusing this request.

After a careful examination of the entire record, we are of the opinion that there is no error shown in the trial of this case, and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

On Motion for Rehearing.

MORROW, P. J. [4] It has been uniformly held since the case of Hargrave v. State, 53 Tex. Cr. R. 147, 109 S. W. 163, that the law giving the requisites of a bill of exceptions was not complied with by the reproduction of the stenographer's notes in question and answer form. In a felony case such a bill of exceptions is in direct opposition to the language of the statutory requirements. Article 846, C. C. P., Vernon's Texas Crim. Stat., vol. 2. See citations in Shephard's Texas Citations. In any case, whether it be a felony or misdemeanor, such practice is contrary to the requisites of a bill of exceptions as defined in the civil statutes, wherein it is said:

"No particular form of words shall be required in a bill of exceptions; but the objection to the ruling of action of the court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain it, and no more, and the whole as briefly as possible." Article 2059, Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914.

See Parker v. State, 91 Tex. Cr. R. 68, 238 S. W. 943 and annotations under the article mentioned; also, Shephard's notes on Texas laws. Many of the bills of exception in the

present instance are prepared in a manner conflicting with this rule.

[5] The exhibition to the jury of the wounds of the child mentioned in the original opinion, while perhaps improper, could not operate as a reversal of the case inasmuch as the lowest penalty was assessed.

Of the state's evidence, we make the following synopsis: Mrs. O. L. McDonald was driving an automobile upon the streets of Wichita Falls. While crossing a street called "Ninth street," the car which Mrs. McDonald was driving was struck by the car driven by the appellant, and in the collision her car was knocked over. It was struck in the side between the front and back doors. The occupants of the car were slightly but not seriously injured. The testimony of Mrs. McDonald does not make clear the exact manner in which the collision occurred and who was at fault. It occurred at nighttime in a misting rain or snow. The weather was quite cold. The curtains of the car were all up. She paused as she entered Ninth street but saw no car coming down the street. Mrs. McDonald's father was in the car and was endeavoring to fasten the curtains. The wind was blowing severely, and the streets were frozen. Mrs. McDonald contended that she was running the car slowly and was making a turn to the left. The young son of Mrs. McDonald was riding on the back seat. At the time of the accident, he was talking to his mother. She was not looking backwards but forward. His grandfather was fixing the curtains. The collision occurred while the appellant's car was on the right-hand side of the street and while his car was coming down a hill.

A witness for the state testified that on some previous date the appellant had passed his car and "was exceeding the speed limit"; that he had never heard of the appellant ever being arrested but had heard of him being accused of speeding; that he had heard this several times.

Appellant testified that he was looking and watching carefully; that he was not "fooling" with the choker on the car; that there was not enough ice on the ground to make it dangerous; that he was not driving at a rate of speed exceeding fifteen miles an hour; that he had his lights on. If we understand his testimony, Mrs. McDonald's car was driven in front of the appellant and so near him that he was unable to stop his car; that he released his clutch and used the brakes with all his strength.

[6] There were some requested charges, but in the bills complaining of them it is not shown that they were requested before the argument was concluded. This is necessary to warrant their consideration. Vernon's Tex. Crim. Stat. vol. 2, art. 737.

The prosecution is under article 1022a, as covered in Vernon's Complete Statutes of 1920, or Vernon's Ann. Pen. Code Supp. 1918, which penalizes the operator of a motor vehicle who shall willfully or with gross negligence collide with another and cause injury. The court, in its charge, defined the term "gross negligence" as follows:

"In this connection, gentlemen, you are charged that the term 'gross negligence,' as used in this charge, means such negligence as evidences a reckless disregard of human life or bodily injury or such conscious indifference to the rights of others as amounts to an intentional violation of them, and a reckless disregard as used herein means a willful disregard."

[7] The state has not pointed out, and from our reading of the statement of facts we confess our inability to discern any evidence affirmatively supporting the allegation that the collision in question was due to gross negligence on the part of the appellant. The only item of evidence which has come to our attention, save the fact that the collision occurred, is the testimony of the witnesses who declared that at some previous time the appellant had exceeded the speed limit. This testimony, even if it related to the particular occasion, is indefinite in that it fails to show the speed at which the appellant was driving but states that the rate of speed was in excess of that allowed by law. It is true, that there is some testimony that he was in the habit of overspeeding. Both of these items should have been rejected, but the bills of exception, unhappily, are not in a condition to warrant reversal upon that ground. Treating them as evidence, however, we are unable to conclude that they, together with the other facts detailed, are sufficient to warrant conclusion that the injury was inflicted willfully or with gross negligence on the part of the appellant.

The motion for rehearing is granted, the affirmance is set aside, the judgment reversed and the cause remanded.