C. E. GILL V. THE STATE.

No. 10717.   Delivered March 30, 1927.

Rehearing denied May 4, 1927.

Second rehearing denied June 8, 1927.

1.—Rape—Requested Charge—Refusal Of—Practice in Trial Court.

Where a special charge is requested and refused an exception must be taken to the court's refusal to give same, or the ruling of the trial court will not be reviewed on appeal.  Following Nichols v. State, 238 S. W. 232, and other cases cited.

2.—Same—Indictment—Held Sufficient.

An indictment charging rape upon a female under the age of consent is sufficient if it charges that the defendant had sexual intercourse with a female under the age of eighteen years, who was not his wife.

3.—Same—Evidence—Properly Admitted.

Where, on a trial for rape upon a female under the age of consent, the defendant having attacked the credibility of prosecutrix, and her feelings toward him on his cross-examination, there was no error in permitting the state on her re-direct examination, to prove that at the time of the alleged act of intercourse she loved the appellant.

4.—Same—Evidence—Properly Admitted.

Where it had been clearly established on a trial for rape of a female under the age of consent that the appellant was the father of prosecutrix, there was no error in permitting the state to prove by prosecutrix that the appellant was a married man.  Following Campbell v. State, 230 S. W. 695, and other cases cited.

**5.—Same—Evidence—Exclusion Harmless.**

Where the same fact had been proven by appellant, there was no harmful error in refusing to permit him to prove by prosecutrix that he had been formerly tried, charged with having committed a rape upon her and acquitted by the jury.

**6.—Same—Evidence—Properly Admitted.**

Where appellant had proven by one of his witnesses a conversation had between the witness and the County Attorney, it was proper to permit the state to cross-examine the witness as to this matter, and to bring out all of the conversation, testified to by the witness.

**7.—Same—Evidence—Properly Admitted.**

On a trial for rape, there was no error in permitting the state to introduce three letters written by the appellant to prosecutrix which tended to show illicit relations between appellant and prosecutrix.

**8.—Same—Evidence—Prosecutrix Not an Accomplice.**

On a trial for rape, upon a female under the age of consent, the prosecutrix is not an accomplice, though consenting to the act of intercourse, and there was no error in the instant case in refusing to charge the jury that prosecutrix must be corroborated. See Battles v. State, 140 S. W. 783.

ON REHEARING.

**9.—Same—Evidence—Letters of Appellant—Properly Admitted.**

Where, on a trial for rape alleged to have occurred in May, 1926, there was no error in permitting the introduction of a letter written by appellant to prosecutrix of the purported date of May 24, 1924 the state having shown this date not to be correct, but that the letter had been written subsequent to May 23, 1926.

ON SECOND REHEARING.

**10.—Same—No Error Presented.**

Responding to appellant's application to file a second motion for rehearing, a careful review of our original opinion, and opinion on rehearing correctly disposed of the case, and the application will be denied.

Appeal from the District Court of Clay County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*Taylor, Muse & Taylor* of Wichita Falls, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of the offense

of rape, and his punishment assessed at five years in the penitentiary.

The state relied for conviction upon the testimony of the prosecutrix, Nellie Scarber, who testified that she was under fourteen years of age; that she knew the appellant, C. E. Gill; that appellant had sexual intercourse with her in the month of May, 1926; that at the time appellant had sexual intercourse with her his private parts penetrated her private parts. The state also introduced three letters written by the appellant to the prosecutrix.

The appellant did not testify, but relied upon testimony which tended to show that the evidence of the prosecutrix was unreliable and was not of sufficient cogency to warrant the jury in returning a verdict of guilty.

No exceptions and objections to the court's main charge appear in the record. However, we find in the record three special charges. Special charge No. 1 was refused by the court; special charges Nos. 2 and 3 were given. The learned trial judge very properly refused to give special charge No. 1. However, as there is no exception to the court's refusal to give this charge, the ruling of the trial court is not entitled to be reviewed. Nichols v. State, 238 S. W. 232; Martin v. State, 272 S. W. 791; Thomas v. State, 273 S. W. 571.

Appellant filed a motion in arrest of judgment, complaining that the indictment did not contain the elements of the statute regarding the question of the act being done "through force, threats, and fraud," and that the indictment did not charge whether the act was with or without the consent of the prosecutrix. The indictment charged that the appellant had sexual intercourse with a female under the age of eighteen, who was not his wife. This constitutes an offense under the statute.

Bill of exception No. 1 complains because the state was permitted, over appellant's objections, to ask the prosecutrix the following question:

"At the time these allegations were made, you were in love with Gill?"

Appellant's objection was overruled, and the prosecutrix was permitted to answer as follows:

"Yes, sir, I loved him."

The trial judge qualified this bill of exception, but the appellant excepted to said qualification. Therefore, this court will consider the bill independent of the qualification. Appellant's contention is untenable. It was the contention of the appellant that he merely treated the prosecutrix as he did members of his

own family, and that prosecutrix had fabricated her testimony in order to convict appellant. Previous to the propounding of the question and the answering of same as complained of in the bill, appellant's counsel had asked prosecutrix if she was mad with the appellant. Appellant had also sought to impeach and discredit prosecutrix's testimony by showing that when he was first arrested she stated that appellant had not had intercourse with her. We think the state had a right to show what her attitude was toward the appellant and to explain why she first stated that appellant had not had intercourse with her.

By the next bill of exception, which is not numbered in the record, appellant complains that while the state was offering its testimony in chief and while the prosecutrix was on the witness stand she was asked on direct examination, the following question:

"Do you know whether or not the defendant is a married or a single man?"

Whereupon the witness answered: "Yes, sir."

And the District Attorney then asked: "What is he?"

To which the witness answered: "He is married."

We are unable to agree with appellant's contention that this bill shows error for the reason that the record discloses other testimony showing and tending to show that the appellant was a married man, which testimony was brought out by the appellant. The witness, Jewell Gill, a witness for the appellant, testified on direct examination as follows:

"C. E. Gill is my father. This is my mother sitting here * * * I never saw my father and Nellie Scarber in any kind of compromising position."

During her direct examination by the appellant, she referred to the appellant many times as being her father. She further testified:

"My father's family consists of six girls and four boys. There were ten of us at home in May, 1926, living in the house."

Again we find in the record where the appellant, on re-cross-examination of the prosecutrix, elicited the following testimony:

"As to whether I ever told Mr. Gill of my father's conduct toward me—I told his wife I know. I don't remember whether I told Mr. Gill or not. I did tell Mrs. Gill."

The rule is that where evidence is admitted without objection, the admission of the same or equivalent evidence from other witnesses will not be held reversible error. Campbell v. State, 230 S. W. 695; Flores v. State, 231 S. W. 786; John Ables, No. 10449, opinion December 27, 1926.

By the next bill of exception, which also is not numbered in the record, the appellant complains at the action of the learned trial judge in not permitting the appellant to prove on cross-examination of the prosecutrix that she had testified upon the trial of her father that her father had had intercourse with her and that the jury returned a verdict of not guilty against her father. We are unable to agree with this contention. If the prosecutrix had been between fifteen and eighteen years of age, the evidence excluded would have been admissible for the purpose of showing that she was not of previous chaste character, but the undisputed evidence shows that the prosecutrix was under the age of fourteen years at the time of the alleged rape. However, the appellant, on cross-examination of the father of the prosecutrix, proved by him that he was tried by a jury and acquitted after the prosecutrix herein had testified against him. This is substantially the same fact that was sought to be proved by the cross-examination of the prosecutrix.

Bill of exception No. 3 complains of the action of the trial court in permitting the County Attorney to ask the witness, Mrs. Mary McCracken, after she had stated that she had changed her testimony, to state whether or not she had changed it to anything that was untrue. We are unable to agree with appellant's contention in this bill for the reason that the state had rested its case and the witness, Mrs. Mary McCracken, was a witness for the appellant. The facts testified to by the said witness could have served but one purpose, and that was to impeach the County Attorney, who had up to that time not testified, but who later testified at the instance of the appellant. We believe that the County Attorney had the right to discredit this witness by cross-examination, and, the appellant having gone into the matter and the conversation that took place between the County Attorney and the witness, the state certainly had the right to show the whole conversation.

The remaining bills of exception complain of the introduction of letters written by appellant to the prosecutrix, in endearing terms, which tend to show intimacy between the appellant and the prosecutrix. We are unable to agree with appellant's contention. We have read the letters carefully and there is but one conclusion to draw and that is that the letters unquestionably throw light on the issue as to whether or not appellant had intercourse with the prosecutrix. The record discloses that the appellant had introduced evidence tending to impeach the prosecutrix as to truth and veracity and, this being true, it was not

error for the trial court to permit the introduction of the letters by the state in support of her testimony.

Appellant also makes the contention that the evidence is insufficient in that the testimony of the prosecutrix is not corroborated, and also contends that the court should have instructed the jury that it was necessary to corroborate the evidence given by the prosecutrix. We do not agree with this contention. Battles v. State, 140 S. W. 783.

The facts being amply sufficient to support the verdict of the jury, and there being no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—This court does not feel authorized, in the light of the evidence adduced upon the trial, to hold that the jury's verdict is not supported. There is direct testimony from the alleged injured party to the effect that the appellant committed the criminal act. There are corroborative circumstances, including the letters of the appellant, which aided in overcoming the presumption of innocence.

The offense occurred in May, 1926. One of the letters written by the appellant to the prosecutrix bears date May 24, 1924. Appellant insists that assuming the date named to be correct, the letter was too remote. We are not prepared to regard this as a tenable objection. However, the letter itself, taken in connection with the statement of facts, bears evidence that the date is not the correct one. The postscript to the letter reads thus:

"Had two killings at Skaling's Ranch. Harry Skaling is dead."

The justice of the peace testified that the killing of Harry Scaling took place on May 23, 1926. The prosecutrix gave testimony showing that the letter reached her at about that date.

In the light of the record, we are of the opinion that the court committed no error in receiving the letter mentioned in evidence, nor have we perceived any matter of procedure in which the rights of the appellant were not safeguarded.

The motion for rehearing is overruled.        *Overruled.*

OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION
FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's application for leave to file second motion for rehearing, both our original opinion and the opinion on rehearing, and the facts and the contentions made by appellant, have again been carefully reviewed. We think the case correctly disposed of, and that none of the contentions have been overlooked or improperly decided. The application will be denied.

*Application denied.*