N. B. JUDD v. THE STATE.

No. 17335. Delivered April 17, 1935.

The opinion states the case.

*B. L. Palmer,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of $150.00, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The indictment, omitting the formal parts, charged that "N. B. Judd, on or about the 2nd day of March, A. D. 1931, in said county and state, did fraudulently take and steal $150.00 in money of the value of $150.00, the same being then and there the corporeal personal property of J. E. McNealy."

The testimony shows that on November 15, 1928, the appellant, as attorney and agent for Mrs. Ruth Mickey of Dallas, made some investments for her in the way of purchasing notes; that among the notes so purchased for her was a note in the sum of $1500.00 executed by J. E. McNealy and wife on the 14th day of September, 1927, and due three years after date, which note was secured by a deed of trust against lot No. 10 of Block No. 3 of Forsgard Addition to the City of Houston. On September 3, 1930, J. E. McNealy paid to the appellant as the agent for Mrs. Ruth Mickey the sum of $800.00 to be applied as a payment on said note and which was so applied by Mrs. Mickey, and the payment of the balance of $700.00 of said note was extended for a period of two years. On March 30, 1931, the appellant approached McNealy and told him that Mrs. Mickey was in need of money and desired the payment of said note or a part thereof, which statement was false. By reason of said false statement he obtained from McNealy $150.00 to be forwarded to Mrs. Mickey and applied as a payment on said note. Mrs. Mickey testified for the State that she did not authorize the appellant to collect said balance or any part thereof; that on March 20, 1931, he collected $28.00 semi-annual interest due on said note and the sum of $50.00 as interest due

her on a $2100.00 note, which he forwarded to her at Dallas. On the 9th day of March, 1933, Mrs. Mickey, joined by her husband, W. F. Mickey, made, executed and delivered to J. E. McNealy a release of said property described in said deed of trust in which she declared said indebtedness fully paid off and discharged, and incorporated in said release appears the following, to-wit:

"* * * and whereas, $1350.00, the principal of said note, was collected by my agent thereunto duly authorized, the remaining $150.00 having been personally collected by me, but the sum of $550.00 of the money collected by him was never received by me but was converted by my said agent to his own use without any right or authority and has never been personally received by me, we make this declaration to show the facts; but in consideration of the premises and it appearing that the makers of said note are entitled to a complete release, this instrument is executed for that purpose to save said McNealy and wife further trouble. Witness our hand this 9th day of March, 1933.

"(Signed): Mrs. Ruth Mickey.
"W. F. Mickey.

"Duly acknowledged before W. W. Anderson, Notary Public in and for Dallas County, Texas."

The appellant's first contention is that the testimony fails to show him guilty of theft but that if it shows any offense it shows him guilty of swindling. We can not agree with the appellant's contention. That the note was not due at the time appellant collected said $150.00 is not controverted. If appellant formed the fraudulent intent to get possession of the money by a false pretext and to convert the same to his own use and bentfit prior to the time that he acquired it and did convert it, then he would be guilty of theft, although he may have been Mrs. Mickey's agent. If, however, he formed the fradulent intent to convert the money to his own use and benefit after he had obtained possession thereof, he might be guilty of embezzlement.

By bills of exception Nos. 1 and 2 the appellant complains of the action of the trial court in permitting the State to prove by McNealy that appellant received from him on the 4th day of April, 1931, $100.00 to be applied to the payment of the balance of $700.00 on said note, to which the appellant objected because it was a separate transaction and the basis of a separate indictment and in no way connected with the transaction charged in the indictment for which he was on trial. By bills

of exception Nos. 3 and 4 the appellant complains of the action of the trial court in permitting the State to prove that appellant received from McNealy on the 9th day of September, 1931, $300.00 to be applied to the payment of the balance of said note, to which the appellant objected because it was a separate transaction, the basis of a separate indictment upon which the appellant had been tried and acquitted and that it was in no way connected with the transaction for which he was on trial. At the conclusion of all of the testimony, the court in his charge withdrew from the jury the testimony objected to and instructed the jury not to consider the same.

By bill of exception No. 10 the appellant complains of the following argument of the district attorney, to-wit: "When Palmer made the statement that if Judd had embezzled the money of Mrs. Mickey the courts are still open to them and they can bring another indictment against him charging that offense, he well knew that such statement was not true. Palmer knew that on the 14th day of June of this year Judd was brought to trial before a jury in this court on the charge of embezzling $300.00 from Mrs. Mickey and Palmer raised the point that he could not be guilty of embezzling her money because she had testified that he was not her agent and the case was then dismissed with jeopardy and Palmer knows it. Mrs. Mickey was honest and defeated the State's case by telling the truth," to which the appellant objected because it revealed to the jury the fact that this defendant had previously been charged with embezzlement of Mrs. Mickey's money and the case had been finally dismissed with jeopardy, that it was an extraneous matter and had been by the charge of the court excluded from the consideration of the jury and was therefore prejudicial to the appellant. The court overruled said objection and permitted the district attorney to further discuss the matter of the $300.00 payment. The court qualified said bill of exception by stating that the appellant did not tender to the court any written charge instructing the jury not to consider said argument. We are of the opinion that the court's qualification by no means eliminates the damaging and hurtful effect of said argument as disclosed by the record. This court has often held that when an objection to evidence is sustained or when testimony is withdrawn from the consideration of the jury, that it is improper for the district attorney in his argument to the jury to dwell thereon as though it was competent testimony, and when a trial court declines to promptly respond to an objection of the appellant to such argument, the jury

might rightfully assume that the court had again changed his views on the admission of such testimony and considered the same notwithstanding the instructions in the court's charge. See Stapleton v. State, 298 S. W., 578; Bergdorf v. State, 20 S. W. (2d) 778, and authorities there cited; Sarli v. State, 80 Texas Crim. Rep., 161, 189 S. W., 149.

Having reached the conclusion that under the circumstances disclosed by this record the argument of the district attorney was of such prejudicial nature as requires a reversal of this case, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.