WILLIAM C. NEWSOM V. THE STATE.

No. 22280. Delivered January 27, 1943.
Rehearing Denied March 17, 1943.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The original opinion heretofore handed down in this cause is withdrawn, and the following substituted therefor:

Appellant was convicted of the offense of burglary, and by the jury assessed a penalty of two years. This is the second appeal herein, the opinion in the first appeal being found in 142 Tex. Cr. R. 47, 151 S. W. (2d) 225.

The statement of facts herein presented to us is in question and answer form, consisting of 59 pages, and nowhere therein is the narrative form utilized.

Art. 760 C. C. P., R. S. 1925, was amended in 1931, Acts 42nd Legislature, First C. S., p. 75, so as to read as follows:

"Where the defendant in a criminal case appeals he is entitled to a statement of facts certified by the trial judge and sent up with the record; provided that said statement of facts shall be in narrative form."

A statement of facts in question and answer form can not be considered by this court. See Art. 760, Vernon's Ann. C. C. P., Vol. 3, Sec. 23, and many cases there cited; among them see Wooten v. State, 50 S. W. 834; Olivares v. State, 53 S. W. (2d) 306; Mitchell v. State, 54 S. W. (2d) 107; Lovell v. State, 60 S. W. (2d) 208; Phillips v. State, 69 S. W. (2d) 415; Koester v. State, 71 S. W. (2d) 272; Worbes v. State, 71 S. W. (2d) 872; Piner v. State, 97 S. W. (2d) 953.

It will doubtless be contended that it was within the power of the trial court to certify that it was necessary that such statement of facts be presented in question and answer form in order that we might understand the points involved herein. We do find just above the trial court's signature on the approval of this statement of facts the following notation: "I certify it is necessary to put this statement of facts in Q. and A. form to make clear the points involved." This the trial court did not have the power to do. If certified to as necessary, oftentimes in a bill of exceptions the trial court enters his certificate of a necessity for setting forth the proceedings relative to a certain bill of exceptions in question and answer form and such is authorized by statute, but nowhere in the statute is such power granted to him so as to extend the same privilege to the entire statement of facts, which must be in a narrative for. See Art. 760, C. C. P., supra.

In the case of Ex parte Wair, 130 Tex. Cr. R. 204, 93 S. W. (2d) 160, by agreement of parties, the stenographer's notes of all the testimony taken upon the hearing in the court below were incorporated in the record as the statement of facts to be

presented in this court. In that case we refused to consider such statement because of it being in question and answer form, although such condition was agreed to by the parties thereto.

Prior to the amendment of Art. 760, supra, by the 42nd Legislature, it had been held by this court that in case of disagreement of counsel so much of the stenographer's report shall be inserted in the statement of facts as is necessary to show what the witness had testified to, in a condensed form, and that questions and answers shall only be included when, in the opinion of the trial court, they are necessary. See Hargrave v. State, 53 Tex. Cr. R. 147, 109 S. W. 163, and cases cited under 4 Tex. Jur., p. 406, note 18. It will be noted that some of such cases could be construed to hold that should the trial court make a certificate relative to the necessity of the whole testimony being in question and answer form, such would not bind the appellate court conclusively, but where such certificate clearly appeared to be erroneous, it would be disregarded as was done in the case of Hawkins v. State, 77 Tex. Cr. R. 520, 179 S. W. 448. All similar cited cases, however, were decided prior to the passage of the amended Art. 760, C. C. P. in 1931. Since such time we have been consistent in our holding that a statement of facts wholly in question and answer form can not be considered by this court.

By this holding we do not mean to say that Section 3 of the original Art. 760, C. C. P., R. S. 1925, has been eliminated, it being that portion thereof providing that if the parties fail to agree on the testimony of any witness, then in such event so much of the reporter's notes shall be inserted in the statement of facts as is necessary to show what the witness testified to, should the trial judge certify to the necessity thereof.

What we do hold herein is that the trial judge has not now the power to certify that it is necessary that the statement of facts be presented to this court wholly in question and answer form, but that the same shall be in a narrative form as is now provided by statute.

There are no bills of exceptions in the record, and the same appearing regular, there is nothing further for our consideration.

The judgment will therefore be affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed in this court what he denominates a motion for rehearing in which he asks that he be permitted to reduce to narrative form the statement of facts in question and answer form which was filed herein on the 13th day of July, 1942. He avers that it was not due to any fault or negligence on his part or that of his counsel that the original statement of facts was not in narrative form but was due solely to the absence of the trial judge from this State as a result of the death of a near relative. The court gave appellant 90 days in which to file a statement of facts and bills of exception but he made no request, according to the averments in his motion, from the court reporter for a statement of facts until 30 days after court adjourned and then did not ask for one in narrative form. On June 25th the court reporter furnished appellant an original and duplicate statement of facts in question and answer form covering 58 pages of typewritten matter which might easily have been reduced to narrative form in a short time, but instead of doing so, he held it until the first day of July, when he carried it with him to San Antonio, where he expected the trial judge and the district attorney would be attending the annual meeting of the State Bar Association but they were not in attendance; that he then got in touch with the trial judge at Beverly Hills, California, who agreed to and did certify that it was necessary that the statement of facts be in question and answer form. Under his own statement, as hereinabove set forth, we are of the opinion that appellant has not relieved himself of want of proper diligence to obtain a statement of facts in narrative form within the time prescribed by law. See Vickers v. State, 90 Tex. Cr. R. 609; Houseton v. State, 95 Tex. Cr. R. 596 (on rehearing). However, if the statement of facts were now reduced to narrative form, it could not be filed within the time prescribed by Art. 760, C. C. P.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.