Ely Straus, of Dallas, for relator.
No appearance for respondents.

PER CURIAM.

The motion for leave to file a petition for mandamus to compel the Court of Civil Appeals at Dallas to certify certain questions on the ground of conflict of the courts in the construction of Article 4632 of the Revised Civil Statutes is overruled, because the Court of Civil Appeals in this case (Finn v. Finn, 195 S.W.2d 679) correctly held that under Article 4632, which requires "full and satisfactory evidence," to support a decree of divorce, corroboration of the testimony of the complaining spouse is not an indispensable requirement, as a matter of law, even where a denial is entered.

### FINN v. BOND, Chief Justice, et al.
### No. A–1007.

Supreme Court of Texas.
Nov. 6, 1946.

### DAVIS v. STATE.
### No. 23454.

Court of Criminal Appeals of Texas.
Oct. 30, 1946.

Ernest S. Goens, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

This appeal is from a conviction of an assault to rape with a penalty of two years in the penitentiary.

The proceedings appear to be regular. We find no objections to the court's charge. There is a motion for a new trial which complains of the introduction of certain evidence and of arguments made by the prosecuting attorney. These matters are not brought forward by bills of exception and we cannot, under the rule, consider them for any purpose.

The statement of facts is in question and answer form which under Article 760, Section 1, of the Code of Criminal Procedure cannot be considered by us. Amended 1931, 42d Leg., 1st C. S., p. 75, ch. 34, § 7. Newsom v. State, 145 Tex. Crim.R. 473, 169 S.W.2d 195; Williams v. State, 145 Tex.Crim.R. 634, 170 S.W.2d 735; Edwards v. State, Tex.Cr.App., 185 S.W.2d 111.

In the state of the record as it appears before us nothing is presented for our consideration. The judgment of the trial court is affirmed.