PAUL HADLEY V. THE STATE.

No. 23756. Delivered October 29, 1947.

28

*Chas. Nordyke*, of Stephenville, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for a felony, the charge being that Paul Hadley had previously been convicted for driving on a public highway while intoxicated and that, after said conviction, he did on the 16th day of December, 1946, drive and operate a motor vehicle on a public highway in Erath County, Texas, while he was intoxicated and under the influence of intoxicating liquor.

The first question presented on appeal is that the indictment is defective in that it does not allege the name or number of the highway on which the automobile was driven. This question has been frequently before this Court and always decided contrary to the contention presented. If the State alleges the name or number of the highway it· is incumbent upon the State to prove the same, in accordance with the allegations, but the indictment is sufficient without the name or number of the highway being alleged. Allen v. State, 197 S. W. (2d) 1013; White v. State, 95 S. W. (2d) 429; Pritchett v. State, 129 S. W. (2d) 676; Bedwill v. State, 155 S. W. (2d) 930.

Two bills of exception to the admission of evidence in the case are found in the record. The state presents in its brief that these bills should not be considered, because they are in question and answer form without any certificate of the trial judge showing the necessity for them being in such form. This contention will be sustained. Garza v. State, 55 S. W. (2d) 1042; Williams v. State, 279 S. W. 466; and citations under note 24, Article 667, Vernon's Ann. C. C. P.

The next contention is that appellant is not sufficiently identified as the party who occupied the car at the time it collided with a car driven by Mr. Kennedy, on a highway near the town of Dublin. From the testimony of Mr. Kennedy on the subject we find a lack of positiveness in identifying appellant as the man who was driving the car. However, all of the circumstances of the collision, the conversation following, and his arrest, appear to be sufficient to warrant the jury's conclusion. Furthermore, Ralph W. Robertson, a highway patrolman, testified that he went with another patrolman to the scene and arrested appellant. Thereafter appellant approached the witness and wanted to talk to him about the matter. He apologized for what he had told the patrolman and said it was because of the presence of his wife, who had become an inmate of the State Hospital in Wichita Falls. We quote from the patrolman's testimony as follows: "He did tell me on that occasion that he had been drinking at the time he ran into Mr. Kennedy's pickup. He told me he had been drinking whiskey. He told me what he had been drinking may have had something in it, but he didn't remember what happened at the accident." Again: "He said something about his old buddies getting in with him and furnishing him some whiskey and he said it may have had something in it and he didn't remember what happened after the wreck." Appellant thereafter took the stand in his own behalf and on direct examination said he was with three soldier boys that night. He admitted making the statement to Mr. Robertson, the patrolman, and made no denial of the above quoted evidence. He admitted his former conviction for drunk driving and, in fact, did not deny being intoxicated at the time alleged. From this it appears the jury was amply justified in finding that he was the identical party who was intoxicated and whose car collided with Mr. Kennedy's.

The judgment of the trial court is affirmed.