# A. J. CANOVA V. THE STATE.

No. 23748.  Delivered November 5, 1947.
On State's Motion for Rehearing December 17, 1947.
Appellant's Motion for Rehearing Denied January 21, 1948.

*J. V. Patterson, L. W. Sampson,* and *M. W. Burch,* all of Decatur, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

The State's evidence, briefly stated, shows that appellant was an uncle of prosecutrix having married a sister to the mother of the alleged injured female. On the 23rd day of November, 1945, appellant took prosecutrix, who was ill, to a doctor at Bridgeport for treatment. On their way home, he had an act of sexual intercourse with her, she being then only 14 years of age. In July, 1946, she was examined by Dr. Valsek for the purpose of determining whether or not her private parts had been penetrated. An examination disclosed that her hymen had been ruptured at some time prior thereto but had healed.

Appellant denied the act of sexual intercourse and proved by a number of witnesses that his reputation for truth and veracity and as a law abiding citizen was good. It will thus be noted that an issue of fact was raised which the jury decided adversely to him.

By Bill of Exception No. 1 he complains of the action of the trial court in declining to sustain his motion to quash the indictment on the ground that it failed to charge that he ravished the alleged injured party.

The indictment, omitting the formal parts, reads as follows: "that A. J. CANOVA on or about the 15th day of November A. D. one thousand nine hundred and Forty Five and before the presentment of this indictment, in the County of Wise and State of Texas, did then and there unlawfully have carnal knowledge of ORA SHANNON a female then and there under the age of eighteen years and then and there not being the wife of the said A. J. CANOVA, etc."

It will be noted that the indictment charged that the alleged female was under the age of 18 years and was not the wife of

the accused. Under Art. 1183, P. C., a person is guilty of rape who has carnal knowledge of a female under the age of 18 years whether it be with or without her consent and with or without the use of force. Consequently, it was not necessary under the facts of this case to charge that he "ravished" her. The word ravish implies force and want of consent which is not necessary where the alleged female is under the age of consent. See Gill v. State, 107 Tex. Cr. R. 115; Vaughn v. State, 62 Tex. Cr. R. 24; and McAvoy v. State, 41 Tex. Cr. R. 56.

By Bill of Exception No. 2 he complains because the court overruled his second motion for an instruction to the jury to acquit him based on the ground of variance between the allegation and the proof, in this, that the proof showed that if the offense was committed it was without the consent of the alleged female and by the use of force. We see no merit in this bill. Prosecutrix did not resist, she made no outcry, her clothing was not torn nor did she have the slightest bruise on her person. Although she testified on cross examination that he held both of her hands with one of his hands, but that is not such force as would be necessary to show rape by force, by which is meant such force as was calculated to overcome all resistance on her part.

In the instant case, the use of force on the part of the accused was not charged in the indictment. Consequently, it was not necessary to prove the use of force in the commission of the alleged offense. See Breiger v. State, 99 Tex. Cr. R. 292; and Dyer v. State, 283 S. W. 820.

Bills of Exceptions Nos. 3 to 7, inclusive, complain of the action of the trial court in declining to submit appellant's requested special charges. We have examined the requested charges in connection with the court's main charge, and have reached the conclusion that the court, in his main charge, fairly applied the law to the facts of the case.

His next complaint relates to the court's action in overruling his motion for a new trial based on misconduct of the prosecuting attorney, in this, that the prosecuting attorney, during the time Mr. Patterson, one of appellant's attorneys, was making his closing argument to the jury, had a deputy sheriff bring him, the prosecuting attorney, a broom and in the presence of the jury slipped a pair of bloomers or ladies' panties over the handle of the broom down to the straw and laid it in the witness chair; that this created laughter by some young folks in

the balcony which the court immediately suppressed, and threatened to have the balcony cleared in the event any other demonstration occurred; and further that the district attorney, during his closing argument, drew a pair of panties out of his pocket and waved them before the jury and said these are new panies and not those which prosecutrix was wearing at the time of the alleged offense. No objection was interposed by appellant or his counsel and no request was made for an instruction to the jury to disregard the act and conduct of the prosecuting attorney. The first time any complaint was made thereof was in the motion for a new trial. Under the rules of this Court, appellant or his counsel should have made their objection at the time. However, they seek to absolve themselves for their failure to do so on the ground that they did not see or hear it and had no knowledge thereof until the next day.

Of course, if they did not see the exhibition and did not hear the remarks, they had no knowledge thereof and therefore would not be expected to make an objection. The conduct of the district attorney as herein above related was not justified because when he undertook to introduce in evidence certain clothing which he had in his possession, appellant objected. The objection was sustained and the clothing was not introduced in evidence. However, when he made the closing argument to the jury, he exhibited to the jury a pair of ladies' panties and remarked, "what business has a married man got buying panties like these for a young girl?" This conduct in connection with the remark of the district attorney was a discussion of matters not in evidence. That it was highly prejudicial is quite obvious. In the case of Fletcher v. State, 147 S. W. (2d) 233 (242), this Court, said, "when testimony has been withdrawn from the jury, the State's attorney should refrain from commenting thereon." The same rule applies where evidence is excluded by the court. See Stapleton v. State, 298 S. W. 578; and Judd v. State, 128 Tex. Cr. R. 369.

Prosecuting attorneys should confine themselves to a discussion of the evidence submitted to the jury under the ruling of the court, and should not parade evidence before the jury which was excluded by the court. Such conduct is inexcusable.

From what we have said, it follows that the judgment should be reversed and the cause remanded and it is so ordered.

Opinion approved by the Court.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State suggests that the statement of facts developed upon the motion for a new trial is wholly in question and answer form contrary to the provisions of Art. 760, C. C. P. Upon an examination thereof, we find the statement of facts to evidence that the testimony developed upon the trial hereof consists of 48 pages presented in narrative form, after which there follows 124 pages of a statement of facts produced on the motion for a new trial which is wholly in question and answer form. This is contrary to the provisions of Art. 760, C. C. P. However, it appears from the certificate of the court reporter that the trial court ordered such facts produced upon the motion for a new trial to be brought forward in question and answer form; and the full statement bears not only the approval of the trial judge, but he also entered an order which appears in the record requiring all the testimony produced on the motion for a new trial to be presented to this court in question and answer form. The trial judge has no power under the statute to order a statement of facts to be prepared for presentation to this court in question and answer form. See Newsom v. State, 145 Tex. Cr. R. 473, 169 S. W. (2d) 195, and many cases cited on page 196. Therefore, the statement of facts on the motion for a new trial is stricken from the record.

The matter relative to the misconduct of the county attorney which appears in such stricken statement should be condemned as not being conductive to upholding the dignity of our courts, and he should have been reprimanded therefor; nevertheless, it is shown from the attempted bill of exception that no objection or exception was taken thereto. Therefore, the facts presented to us concerning such matter cannot be considered.

We think the original opinion was correct in its disposition of all matters except that in the above-questioned Bill No. 8, which is the last complaint discussed in our original opinion relative to the conduct of the County Attorney, and we are now convinced that we were in error in our disposition thereof. Thus believing, the State's motion for a rehearing is granted, the reversal hereof is set aside, and the judgment of the trial court is now affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing based on the argument that it was within the discretionary power of the trial court to certify the necessity that the statement of facts on motion for new trial be in question and answer form. This is not a discretionary matter, but is directly contrary to Article 760, Vernon's Ann. C. C. P., as amended by Acts of the 42nd Legislature. See Annotations under Note 23, above Article.

If there is ground for confusion, by reason of any direct statement or any implication found in any decision on the subject, may it be understood that it was never the intention of this Court to hold that a trial judge had such discretionary power other than in bills of exception, for which the legislative authority is specifically provided. Appellant's argument is plausible, but this Court is impelled now, as always, to follow the rules as laid down, whether they be in favor of the State or the appellant. The action of this Court in the matter should be taken independent of any question being raised by the State's Attorney. Apparently the State's Attorney seldom feels it necessary to raise the question, because it is well known that this Court will act accordingly, unless the human equation so acts that the writer of an opinion overlooks the fact. If that is done on the original submission, the judge writing on motion for rehearing usually discovers the oversight and makes the correction, as was done in the instant case.

The trial judge made an order for which he had no authority. We have given consideration to the further question as to whether or not this deprived appellant of a statement of facts, without any fault of his own, which within itself would call for a reversal of the case. It appears from the record, however, that the attorney for appellant accepted such statement of facts and the question is not presented for our consideration. If appellant had refused to accept the question and answer statement and had demanded a narrative statement, the refusal of the court to order it would have been grounds for reversal.

Without any intention to modify the expressions of the original opinion or that on the State's motion for rehearing, which refer to the misconduct of the prosecuting attorney, we, nevertheless, overrule the appellant's motion for rehearing. .