JOE RUSHING V. STATE.

No. 24215. January 5, 1949.

Hon. Lamont Haley, Judge Presiding.

*Clay Coggins,* of Roby, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was assessed a fine of $1,000.00 and sixty days in jail by a verdict of a jury upon a charge of possessing whisky for sale in a dry county.

The record brings to this Court evidence of quite unusual procedure in the trial of the case. The statement of facts is in part in narrative form and part in question and answer form, which does not comply with the requirements of law. Sanders v. State, 157 S. W. (2d) 910; Newsom v. State, 169 S. W. (2d) 195; Williams v. State, 170 S. W. (2d) 735; Edwards v. State, 185 S. W. (2d) 111; Davis v. State, 197 S. W. (2d) 108; Canova v. State, 207 S. W. (2d) 404.

This matter is presented in appellant's Bill of Exception No. 3, which details quite a lengthy transaction revealing that he had secured the services of a court reporter who took the testimony and furnished a statement of facts in question and answer form. The attorney for appellant refused to accept this and demanded that it be in narrative form, in compliance with the statute. He thereafter received from the reporter the testimony of only one witness. The direct testimony was in narrative form and the cross-examination in question and answer form. Appellant's counsel refused to accept this, but the court and the attorney for the State approved it over his objection. The statement thus approved did not contain the evidence of two witnesses, upon whose testimony appellant says he relied for his defense. Appellant then prepared a complete statement of facts in narrative form and presented it, together with the one first furnished him in question and answer form, to the attorney for the State and the County Judge for approval. This was never approved and is not in the record. The County Judge refused to give any reason for his failure to approve it, and refused to say what was not correct about it. He also failed to prepare a correct statement for filing. The bill of exception further states that the statement of facts which he prepared in narrative form is substantially true, and that he was not permitted to file it in the record. The County Judge approved this bill of exception which amounts to a certificate that appellant had been denied a

statement of facts without any fault fo his own. Under such circumstance it is required that the case be reversed and remanded for a new trial. Lankin v. State, 136 S. W. (2d) 225.

·Other complaints found in the record will not be discussed. The procedure is so unusual that it will not, in all probability, occur again in just the same way.

Accordingly, the judgment of the trial court is reversed and the cause is remanded.