RAY SOLIZ V. STATE

No. 28,260. June 13, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*William Lawrence Scarborough,* and *Roy A. Scott,* Corpus Christi for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for statutory rape; the punishment, five years' confinement in the penitentiary.

An examination of the statement of facts reflects that it only contains the testimony presented by the state up to the time it rested its case and appellant moved for an instructed verdict of not guilty. It further appears that the testimony of the appellant as a witness in his own behalf and another witness called by him, together with the state's testimony in rebuttal, is not included in the statement of facts.

The certificate of the official court reporter certifies that the

instrument only contains a transcript of the testimony admitted in evidence up to the time the state rested its case, and the agreement signed by counsel for the state and the appellant which appears in the instrument contains the following: "We further agree that this record shall be filed as the STATE-MENT OF FACTS on appeal in this cause as an incomplete Transcript with the understanding that it is incomplete. And not all the evidence in the case."

Appellant contends that the evidence is insufficient to support the conviction on the ground that the prosecutrix was shown to be an accomplice and her testimony was not corroborated.

In the absence of a statement of facts containing all the evidence adduced upon the trial, we are unable to pass upon the question of the sufficiency of the evidence.

We observe, however, that a prosecutrix in a rape case is not an accomplice witness and a conviction for statutory rape can be sustained upon her uncorroborated testimony. Branch's P.C., Sec. 1774; Cook v. State, 88 Tex. Cr. R. 659, 228 S.W. 213; and Gill v. State, 107 Tex. Cr. R. 115, 295 S.W. 190.

The proceedings appear regular and therefore the judgment of conviction is affirmed.

Opinion approved by the Court.