Clyde Cecil **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40347.

Court of Criminal Appeals of Texas.

May 17, 1967.

Norman Kinne, Dallas, (on appeal only), for appellant.

Henry Wade, Dist. Atty., Scott Bradley, Robert Stinson, Jr., and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Rape; the punishment, twenty-five (25) years confinement in the Texas Department of Corrections.

Appellant's sole ground of error is the insufficiency of the evidence to sustain the conviction.

The complaining witness, a widow, 63 years of age, testified she lived alone at 216 West Main in Dallas, Texas; that on February 2, 1966, at approximately 3 P.M., she was raking debris in her yard when the appellant, whom she identified in Court, stopped in her yard and started petting her dog, a German Shepard, which was chained in the yard. When appellant ignored her requests not to pet the dog, the complainant informed him she was going to call the police and went into her house. Appellant followed her inside, made advances to her, and pushed her down on the bed which was covered by a blanket. Appellant took off his clothes, and forced the complainant to play with his private parts, and proceeded to tear off the complainant's clothes. She begged him to let her go, and at one point ran out of the house nude, crying and screaming, but was subdued by appellant and brought back into the house.

When the complainant refused to engage in sexual intercourse, appellant struck her a "staggering" blow to her head until she "saw stars", and told her, "You had better do it." She revealed that she continued to scream and beg to be released, and slapped appellant on his buttocks, but to no avail; that appellant actually penetrated her female organs and "continued until he got to his destination"; that appellant reached a climax; that following the attack, appellant cleaned himself off with a child's T-shirt, which was being used as a dusting cloth.

The complainant testified that sometime before the appellant left her house, he jerked her telephone from the wall; that when he left she quickly dressed, found her partially loaded .22 caliber pistol and followed appellant, and when she located him nearby with a group of other men, she fired the pistol, but it hit upon an empty chamber. A truck driver drove her five or six blocks to a Gas Company where she called police. Soon thereafter, the police arrested the appellant at the location to which the complainant directed them.

Complainant further revealed that she was 5'1" tall and weighed 119 pounds, and she had been placed in fear of her life by appellant, and that she had resisted as best she could appellant's attack. The record does not reveal the age or size of the appellant.

Officer G. A. Thomason testified that upon investigation of the rape complaint on February 2, 1966, he observed complainant's telephone pulled loose from the wall and took into his possession complainant's torn skirt, blouse, a child's T-shirt, and the blanket from complainant's bed. The chain of custody of such items was established, and Chemist Louie Anderson, testified he found blood and seminal stains on the blanket and T-shirt, as well as seminal stains on the men's shorts taken from appellant at the time of his arrest.

Dr. Turner A. Wharton, testified he examined the complainant on February 2, 1966, and found her sexual organs bruised and torn, and sperm in her vagina.

Appellant did not testify, but offered several witnesses to substantiate his defense of alibi. Such testimony showed that for most of the time, from before ten o'clock in the morning on February 2nd until shortly before the time of the attack, appellant was across the street from the complainant's house where he and three others drank $30.00 worth of liquor.

The jury by their verdict rejected the defense of alibi, and we find the evidence sufficient to sustain the conviction.

Killingsworth v. State, 154 Tex.Cr.R. 223, 226 S.W.2d 455, and Canova v. State, 151 Tex.Cr.R. 252, 207 S.W.2d 404, are relied upon by appellant in his brief to support his ground of error. These cases are clearly distinguishable from the case at bar on the facts alone. In Killingsworth, the record revealed no evidence of an attempt

to escape or that prosecutrix's clothes were torn or any marks of violence on her body. The appellant there claimed consent.

Likewise in Canova, there was no evidence of resistance, no torn clothes or bruises or marks on prosecutrix's body. The Court held there that the mere fact that appellant held both of complainant's hands during the attack was not sufficient to show rape by force.

The judgment is affirmed.