No. 2761.

W. E. WILLIS v. THE STATE.

THEFT—PRACTICE—OWNERSHIP—EVIDENCE—CHARGE OF THE COURT.—
It devolves upon the State, in a prosecution for theft, to prove the name of the owner of the alleged stolen property as it is alleged in the indictment. The given name may be alleged by initials; and, though a variance between the middle initial as alleged and as proved will be immaterial, a variance as to the first initial letter of the given name will be fatal, unless it be proved that the owner was known as well by the name alleged as by the name proved. The indictment alleged the name of the owner in this case to be N. J. S., and the proof showed the name to be M. J. S. The trial court charged, in substance, that if the jury believed M. J. S. to be the person named in the indictment as N. J. S., the proof of ownership would be sufficient. *Held,* erroneous.

APPEAL from the District Court of Knox. Tried below before the Hon. J. V. Cockrell.

The opinion states the case. The penalty assessed was a term of seven years in the penitentiary.

No brief for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction is for the theft of a horse alleged in the indictment to be the property of N. J. Smith. There is no statement of facts in the record that can be considered. There is what purports to be a statement of facts in the transcript, but it was filed after the adjournment of the court for the term, and there is no order of the court in the record authorizing such filing.

There is a bill of exception in the record, however, which shows that on the trial of the cause the evidence as to the ownership of the horse was that it was the property of M. J. and not N. J. Smith. M. J. Smith testified that she was the owner of the horse, and that her name was Martha Jane Smith, and not N. J. Smith.

Upon the issue of ownership the court charged the jury as follows: "If the jury believe from the evidence that the witness M. J. Smith is the identical person named in the indictment as the owner of the property under the name of N. J. Smith, it would be sufficient proof to support the allegation of ownership as alleged in the indictment, and unless the jury so believe from the evidence, they will find the defendant not guilty." This charge is manifestly erroneous.

The name of the owner of the property must be proved as alleged. The given name may be stated by its initials, and a variance between the middle initial letter as alleged and as proved will be immaterial, but if the variance be as to the first initial letter of the given name it will be fatal, unless the proof shows that the owner was known as well by the name alleged as by the name proved. (Willson's Texas Crim. Laws, sec. 1259.) A special charge was requested by counsel for the defendant which stated the law with reference to the allegation of ownership, as applicable to the evidence, correctly, but the court refused to give it. Notwithstanding the absence of a statement of facts, the error of the charge we have mentioned is apparent, and would be error upon any state of facts.

Because of said error, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*