## W. T. CANNADA V. THE STATE.

*No. 7282. Decided June 3.*

1. **Evidence—Confession.**—To render the confession of a defendant inadmissible against him upon the ground that it was induced by a promise of immunity or favor made him by one in authority it must appear that there was a positive promise of that kind made or sanctioned by one having authority to do so.

2. **Theft—Evidence—Ownership.**—Evidence that the alleged owner of the stolen property pointed out, claimed and took possession of the same when the defendant was not present is hearsay *inter alios acta*, and inadmissible to establish the allegation of ownership.

APPEAL from the District Court of Lamar. Tried below before Hon. E. D. McClellan.

The opinion sufficiently states the case.

*H. B. Birmingham* and *J. C. Hodges*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a judgment of conviction for the theft of a horse. There are two bills of exception in the record before us. One is as to the admission of the proof of the

confession of the defendant to the sheriff, Chaney. This evidence of the confession was admissible, because it appears from the statement in the bill of exceptions that the sheriff did not induce the confession by any promise or hope of favor held out to the defendant. The doctrine now held in regard to confessions is "that there must be a positive promise made or sanctioned by a person in authority to justify the exclusion of the confession." Searcy v. The State, 28 Texas Ct. App., 513, and authorities cited.

As shown in the bill of exceptions, it appears that the defendant asked the sheriff "if he (the defendant) would own to the truth if it would be easier with him?" And that the sheriff simply answered "that it usually did." This was no promise nor inducement on the part of the sheriff, and the court did not err in overruling the objection and in admitting the confession.

Albert Cook, the alleged owner of the horse charged to have been stolen, was not present at the trial to testify as to the identity and ownership of the horse or his want of consent to the taking of the same by the defendant. The State attempted to make this proof by circumstantial evidence. There was no one who could prove that the horse alleged to have been stolen was the property of or had ever been in the possession of Cook.

Defendant's second bill of exceptions was reserved to the action of the court in permitting witnesses to testify that Cook, the alleged owner, went to the livery stable in Bonham where the defendant had left the horse, saddle, bridle and blanket, and that said Cook pointed out and claimed and took possession of the said property and carried it away with him. This testimony was objected to because the defendant was not present at the time, and moreover because it was hearsay.

We are of the opinion that the objection should have been sustained, and that the admission of the evidence was error for which the judgment must be reversed. Defendant could not be held bound when absent by anything which Cook and others may have said or done with regard to Cook's claim of ownership of the property. And the property not being identified as Cook's property by any of the witnesses who testified, the admission of the testimony that Cook himself had claimed the property to be his and taken possession of it was inadmissible because it was hearsay, and because defendant, not being present, what was said and done by Cook and others was *res inter alios acta.*

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.