### W. A. Brannan v. The State.

No. 3510. Decided April 14, 1915.

**1.—Forgery—Motion for New Trial—Statement of Facts—Bill of Exceptions—Notice of Appeal.**

Where the notice of appeal was only vaguely referred to in the sentence and no notice of appeal otherwise appeared of record, the judgment must be affirmed, in the absence of a motion for new trial, bill of exceptions or a statement of facts, the indictment being sufficient.

**2.—Same—Notice of Appeal—Sentence.**

Where notice of appeal is given in open court, and the sentence bears evidence of this fact, the jurisdiction may be conferred upon this court; however,

an indefinite notice of appeal referred to in the sentence is insufficient to confer jurisdiction upon this court. Following Young v. State, 41 Texas Crim. Rep., 247. Distinguishing Lewis v. State, 39 S. W. Rep., 370.

Appeal from the District Court of Colorado. Tried below before the Hon. M. Kennon.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

At the conclusion of the sentence are these words: "This sentence, however, is suspended until the judgment of the Court of Criminal Appeals, to which the defendant appealed, is sustained."

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was convicted of forgery and his punishment assessed at two years confinement in the State penitentiary.

The record is before us without a motion for a new trial, any bill of exceptions or a statement of facts. A notice of appeal is vaguely referred to in the sentence pronounced, but no notice other than this appears in the record. In the case of Young v. State, 41 Texas Crim. Rep., 247, it is held that such indefinite notice is insufficient to confer jurisdiction on this court. However, in the case of Lewis v. State, 39 S. W. Rep., 370, it is held that the sentence being a part of the minutes of the court, and it bearing evidence that notice of appeal was given in open court, would confer jurisdiction on this court, and we are of the opinion that this latter opinion is more in consonance with the articles regulating an appeal. In the condition the record is, all we can do is to look to the sufficiency of the indictment, and it being valid the judgment must be affirmed.

The judgment is affirmed.

*Affirmed.*