GEORGE NEWSOM V. THE STATE.

No. 19840. Delivered November 9, 1938.
Rehearing Denied January 25, 1939.

The opinion states the case.

William H. Scott, of Houston, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted upon an indictment for theft of property over the value of fifty dollars, and also upon an allegation of a previous conviction for an offense of like nature, and therefore given the limit punishment of ten years in the penitentiary.

Many matters alleged to be errors are submitted to us, all of which we will not attempt to notice, but some of them have given us serious concern.

It seems that in 1933 the appellant was convicted in the district court in cause No. 104, in Moore County, Texas, of the offense of burglary, and received a term of four years in the penitentiary at the hands of the jury. That thereafter he gave notice of appeal to this court, and that the then sheriff of Moore County took him to the State prison and turned him over to the authorities there. That his appeal was finally disposed of is not shown by the record, and the certified copy of the order overruling the motion for a new trial in said cause No. 104 does, however, affirmatively show that such notice of appeal was given and entered on the record. For all we know his appeal as to that cause in Moore County is still pending. However the fact of a conviction in such cause No. 104 was alleged to have been final in the instant indictment, and should have been proven to have been final. Nevertheless such was not done, yet we find this appellant convicted as a second offender, and his punishment therefor being fixed automatically at the maximum penalty of ten years in the penitentiary. Unless the proof actually shows that such judgment in Moore County has become final, appellant was entitled to have the jury fix his punishment in their discretion as though he were a first offender. Such discretion was not allowed the jury, because they found him to have been a second offender, and the statute then stepped in and fixed his punishment at the maximum. Art 62, Penal Code. Had the proof of a former conviction not shown that the same was not final,

that is, that the same had been appealed, then a different question would have arisen. See Gould v. State, 146 S. W. Rep. 172, 177. But the State itself showed the fact that such judgment had been appealed from, and it then became its further duty to show the final disposition of such appeal. This was not done, and under the circumstances we think the same presents reversible error.

There are many other matters presented to us by proper bills, which we think will not occur upon another trial hereof. However we do not think the matters relating to the independent pursuit of Whitey Rea, after appellant had emerged from the stolen car, should be introduced upon the trial of appellant; nor was it proper to show the contents of such car, he not having participated in the matter, and was not present thereat. We also do not think that the witness McGill should have been allowed to testify as to the extra deadly effect of a certain kind of bullet said to have been taken off the person of appellant upon his arrest by the peace officers.

Other incidental matters which will doubtless not again occur are not written upon herein.

For the errors discussed this judgment will be reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The doctrine laid down by the State in its motion for rehearing that it is incumbent on the defendant to show that his previous case has been appealed and reversed is borne out by the cases of Tall v. Commonwealth, (Ky.) 110 S. W. 425, and Gragg v. Commonwealth, (Ky.) 104 S. W. 285, which hold that such is a matter of defense. We think this is a correct legal proposition. However, in the present instance, the State relieved the appellant of the burden of proving that the Moore County case had been appealed, thus leaving us with a matter brought in by the State incompleted and with no knowledge as to what was finally done in the disposition of such appeal to this court.

In the Gould case, 146 S. W. 172, 177, cited by the State, we find the following statement: "As to the second objection, the judgment on its face shows to be a final judgment, and, if a new trial had been granted or the judgment appealed from, it was incumbent on defendant to show these facts in the bill of exceptions."

However, in the present case, the State showed that the judgment had been appealed from, thus itself raising the question as to what disposition was made of such appeal, and the only answer it gives is the testimony of the District Clerk of Moore County who testified that the appellant was tried for burglary and convicted in Moore County; that a motion for new trial was filed and overruled, and notice of appeal was given but that the Clerk never prepared a transcript in the case, giving no reason therefor; that the records of his court show that a notice of appeal was given and that he issued a commitment to the sheriff ordering him to take appellant to the penitentiary; that he did not know what disposition of the case was made by the Court of Criminal Appeals.

The State introduced the order of the trial court overruling the motion for new trial in Cause No. 104 in the District Court of Moore County, Texas, for the purpose of enhancing the punishment, a portion of which order we quote: "To which action of the Court in denying and overruling said motion the defendant duly excepted in open court and gave notice of appeal to the Court of Criminal Appeals of the State of Texas, sitting and holding at Austin, Travis County, Texas, and the Defendant is hereby granted (80) eighty days from this date in which to prepare and file a statement of facts and bills of exception."

Thus, it is clearly shown by the State's own proof that unless such appeal has been properly withdrawn or acted upon by the Court of Criminal Appeals such conviction is not final. If not final, then such conviction cannot be utilized for the purpose of enhancing the punishment in the present case.

There are no further formalities necessary in order to cause an appeal in any criminal case other than to give notice of appeal in open court; and the failure of any officer to perform his plain duty cannot deprive a person convicted of crime of his legal right to have this court review the proceedings in his case. Unless such notice of appeal was properly withdrawn, Cause No. 104 should have been presented to this court, at least by a transcript showing the proceedings had therein; and the refusal or failure of any officer to perform his duty in connection therewith would not deprive the appellant of any of his rights therein.

We see no reason to recede from the views expressed in the original opinion. The motion for rehearing is therefore overruled.