CHARLES MELTON LEFORIS V. THE STATE.

No. 21361. Delivered January 29, 1941.
Rehearing Denied March 12, 1941.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of an automobile, punishment assessed at three years in the penitentiary.

No bills of exception are brought forward.

About nine o'clock on the night of February 27th, 1940, M. E. Rawlins parked his car near the Episcopal Church in Dallas, from which place it was stolen. In the car at the time it was taken were a number of carpenter's tools, and a rope and chain hoist. The owner testified that he recovered his car "piece by piece." The chassis of the car was found the next day,—February 28th—near the Atlas Metal Works, about a mile and a half from where appellant lived. The radiator, motor and battery had been taken from the car, and also the carpenter's tools and other things which had been left in the car. A mechanic testified that about the 27th or 28th of February appellant had employed witness to install a motor in appellant's car; that witness went to appellant's house and got the motor which was in appellant's garage and installed it in appellant's car. This motor was identified as the one which came

out of the stolen car. The radiator on appellant's car was also identified as the one from the stolen car. An officer testified as follows:

"* * * After the defendant here was placed in the city jail I had a conversation then with him. As a result of my conversation with the defendant I recovered 'some property that had been taken off of M. E. Rawlins' automobile. Before I had that conversation with the defendant I didn't know the location of a part of that property. Well, I didn't know any of it, as far as that is concerned. They put a motor in there. He told me the battery and radiator and motor came out of Mr. Rawlins' car and then he went with me to West Dallas and got some tools and things that came out of the car. Yes, sir, the defendant here went with me and helped me gather up some of the tools that were in the car. In that same conversation the defendant told me he took the car and what he did with it the night he took it. He told me he took the car and put it in his garage that night and left it until the next night before he pulled it out for he had taken the motor out. Yes, sir, he told me he took those parts and the motor; he said he froze the motor in his car. Mr. Rawlins identified those parts and tools as being his property and the same property taken when his car was taken."

Mr. Rawlins testified that he recovered part of the tools taken from his car at the City Hall, and part of them were returned to him by appellant after he was released on bond.

No objection was made at the time the officer testified as to what appellant told him after his arrest, and for the first time in this Court it is urged that the evidence was not sufficient to show that any of the stolen property was recovered as a result of said statement, and therefore, the oral confession was not admissible under the exception to the provision of Art. 727 C. C. P. We think appellant stated to the officer facts and circumstances which were found to be true which conduced to establish his guilt.

It is further urged that the confession was not in accord with the provision of said Art. 727 C. C. P., and therefore inadmissible, and that complaint may be urged to its admission although no objection was urged in the trial court. The question was sought to be raised on motion for new trial in Walker v. State, 53 Texas Cr. R. 336, 110 S. W. 59, and this court said:

"* * * Nor can the suggestion of appellant in his motion for a new trial be considered to the effect that the confessions were

erroneously admitted. No exception was taken at the time, nor was the matter called to the attention of the court, so far as the record is concerned, until the motion for a new trial was made. In order to have taken advantage of the Act of the Thirtieth Legislature, in regard to confessions, objection should have been interposed at the time the confessions were offered. It is not sufficient for objection to be raised for the first time on motion for a new trial."

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusions expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.