## WILLIAM C. NEWSOM V. THE STATE.

No. 21494. Delivered March 12, 1941.
On Motion to Reinstate Appeal April 9, 1941.
Rehearing Granted May 21, 1941.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction is for burglary, the punishment assessed being two years in the penitentiary.

Our State's Attorney suggests that perhaps the record does not show a proper notice of appeal. The only reference to the subject reflected by the minutes of the trial court is found at the conclusion of the sentence which recites that defendant was remanded to jail until the sheriff could obey the direction of the sentence, "but the defendant having given notice of appeal this sentence is not to become effective until his appeal is

finally disposed of." Lewis v. State, 39 S. W. 370; Brannan v. State, 76 Tex. Cr. R. 492, 175 S. W. 697, support the sufficiency of the notice.

Article 818, C. C. P. provides that a bond given pending the appeal must be approved both by the trial judge and the sheriff. The approval by both has been held to be indispensable. Leal v. State, 112 Tex. Cr. R. 497, 17 S. W. (2d) 1064, and cases therein cited.

The bond in the present case, as it appears in the record, is approved only by the trial judge. For that reason the appeal must be dismissed. Appellant is granted fifteen days from this date to remedy the defect.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

HAWKINS, Presiding Judge.

The appeal was dismissed on March 12, 1941. Upon the showing made in support of appellant's motion to reinstate the appeal, the motion is granted, the appeal is reinstated, and the case will now be considered on its merits.

Appellant did not testify and offered no evidence. The State's case shows the following facts: On the night of July 25, 1940, at about 10:30 o'clock, the Sheriff of Reagan County saw appellant and another person walking on the street in the town of Big Lake. About fifteen minutes later, the sheriff started home and again saw the two parties in a car near the Texas Hotel. For some reason the sheriff's attention was attracted to the parties and he watched them as they drove around the town until their car stopped near a filling-station, where the parties got out of the car and walked back toward the business part of town. When they returned to the car the sheriff heard something set down in the car. When the car started to move away, the sheriff followed and opened the siren on his car. One of the parties jumped out of the other car and ran away. The door of the car hit a road sign and something was then thrown or fell from the car. The sheriff pursued the car and stopped it in a short distance. Appellant jumped out and started to run but was stopped by the officer. At this time three boys drove up and the sheriff sent them

back to see what had been thrown or fallen from the car. It was discovered that it was many cartons of cigarettes. The sheriff testified that he and the boys "recovered that night about 300 packages of cigarettes along the route the defendant's car was traversing while I pursued him. They were picked up about the location where I saw a sack fall out of defendant's car." Among the brand of cigarettes thus recovered were cartons of Lucky Strikes, Chesterfields, Camels, Avalons and Cools. After finding the cigarettes, the officer investigated the store buildings to ascertain if any of them had been burglarized and discovered that the Houston Food Store had been entered by the rear window The screen had been torn off and the window "jimmied" with some kind of a tool. There were found in appellant's car a small bar and a large screw driver. Mr. Houston was sent for and found that every cigarette had been stolen from his store. They corresponded in brand and quantity to those recovered by the officer. He returned some of them to Mr. Houston at the time, who claimed them as his. He testified:

"Some of the cigarettes that were taken from my place of business on that occasion have been returned to me, but I don't remember the number of packages, but I have a notation of the number. I checked the ones that were returned and signed a receipt for them. However, it was a large number and consisted of the various brands of cigarettes, and part of the merchandise which I have heretofore stated was in my store on the 25th of July, 1940."

It is suggested in appellant's brief that the question of lack of identification of the property arises, and also the question of appellant's possession of the property. It does not occur to us that the evidence leaves any doubt upon either point.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In the motion for rehearing our attention is for the first time called to a fatal variance in the name of the owner of the burglarized house as alleged in the indictment and as proven on the trial. The indictment sets out the name of *A*. F. Houston. The statement of facts shows the name of the owner of the house to be *J*. F. Houston. The variance is fatal. See Branch's Ann. Tex. P. C., Sec. 460; English v. State, 18 S. W.

94; Williams v. State, 49 Tex. Cr. R. 105, 90 S. W. 876; Willis v. State, 24 Tex. Cr. App. 487, 6 S. W. 200; Webb v. State, 39 Tex. Cr. R. 534, 47 S. W. 356; 23 Tex. Jur., page 686.

The motion for rehearing is granted, the opinion of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.