JESSE COX V. THE STATE.

No. 22196. Delivered June 17, 1942.
Rehearing Denied October 21, 1942.

The opinion states the case.

*Marjorie Rogers* and *Thomas Bartlett, Jr.*, both of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for theft of four hogs from Archie Cone, punishment two years in the penitentiary.

The hogs belonged to Charlie Brown, but Cone had the care, control and management of them.

Appellant lived on a place which adjoined Brown's farm. Quite a number of Brown's hogs were missed and it is uncertain just the exact date the particular hogs here in question were taken. They were recovered by the owner on July 22, 1941. Mr. Cone was under the impression that these particular four hogs were taken some time prior to said date.

Appellant's confession was introduced in evidence. He stated therein that Brown's hogs were running out and about 20 or 30 of them came over on the place where he lived and that he decided he would pen and sell some of them; that he closed four of them up in his corn crib and later sold them to Mose Hill. The hogs were recovered from Hill by Mr. Cone. He positively identified one of the hogs so recovered, and the others were sufficiently identified by the circumstances proven. The sale of the hogs to Hill by appellant was shown by the testimony of Hill and also by the testimony of an accomplice witness, Haywood Duffy, who hauled the hogs for appellant.

Appellant did not testify. By his wife's evidence he raised the issue that the hogs were taken up by appellant because they were depredating on his property, and that he had no intent to steal them when he took possession of them. This issue was submitted to the jury in a special charge requested by appellant. No such claim was made by appellant in his confession, and the issue was decided by the jury in favor of the State.

Bill of exception number two recites that before the confession was introduced that appellant proved by a deputy sheriff who brought appellant to the county attorney's office where he made the confession that said deputy told appellant if he would make a confession of the whole matter it would be easier on him. Appellant objected to the introduction of the confession on the ground that it was not free and voluntary because of the claimed statement of the deputy sheriff. The court approves the bill with the statement that he does not remember the officer testifying to any such statement as shown in the bill. No objection to this qualification was raised by ap-

pellant. As the bill so appears there is no certificate that the statement complained of was made. The subject was pursued no further. There is no claim made by appellant that he was induced to make the confession by reason of the alleged statement of the officer. We call attention to the following cases as bearing on the question, even if the bill had certified that the statement was made by the officer. Cannada v. State, 29 Tex. Cr. R. 537, 16 S. W. 341; Smith v. State, 91 Tex. Cr. R. 15, 237 S. W. 265 and cases therein cited; Stewart v. State, 124 Tex. Cr. R. 632, 64 S. W. (2d) 782.

Appellant's brief deals with the claimed insufficiency of the evidence. We are not in accord with such contention.

A number of bills of exception are brought forward, none of which is briefed. However, we have examined all of them, and think none presents error, and do not call for discussion save the one already adverted to.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant, in his motion for rehearing, for the first time, insists that the evidence fails to affirmatively show that the hogs were taken without the consent of the owner, and that, therefore, it is insufficient to support the conviction. The proof shows that the hogs belonged to Brown and that Archie Cone was the special owner, he having the care, control and custody thereof. Such allegation of ownership in Cone was authorized.

Cone testified as a witness in behalf of the State. He repeatedly referred to his having "missed the hogs," and to the hogs that "we lost," but did not, directly or positively, say that the hogs were taken without his consent.

We recognize the rule, as stated in Holmes v. State, 120 S. W. (2d) 595, 136 Tex. Cr. R. 26, and authorities there cited, to be: Where the owner of alleged stolen property testifies in the case, he must, by positive and direct testimony, state that the property was taken without his consent, and, unless he does so testify, his lack of consent will not be inferred from other circumstances in evidence.

But, the rule is not applicable or controlling here; for, in appellant's confession, offered in evidence by the State, he not only admitted the theft of the hogs, and the subsequent sale of them to Hill, but stated:

"I knew that the hogs belonged to Mr. Brown and that I didn't have any right to sell them and I didn't have permission to sell the hogs.

"— — — — — — — — — — — —
— — — — — — — and I didn't have permission from Mr. Brown or anyone else to take the hogs and sell them."

Declarations in a confession constitute direct and positive, rather than circumstantial, evidence. Burk v. State, 95 S. W. 1064, 50 Tex. Cr. R. 185; 18 Tex. Jur., Sec. 79.

Eliminating from consideration the testimony of Cone, we find that the State, by the confession of appellant, and by the testimony of the accomplice and the purchaser of the hogs from the appellant, showed, by direct and positive testimony, not only all of the constituent elements of the crime of hog theft, including the taking without the consent of the owner, but also appellant's guilty connection therewith.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.