THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL MORALES, Defendant and Appellant.

No. 9878.   Argued April 14, 1943.—Decided May 7, 1943.

*A. Reyes Delgado* and *P. Santos Borges* for appellant.   R. A. *Gómez*, Prosecuting Attorney (*Fiscal*), for ·appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was charged with the crime of adulteration of milk, second offense.   He pleaded guilty and was sentenced to pay a fine of $500 and six months' imprisonment in jail.   He alleges that the fact that the offense was committed a second time should not be taken into consideration in this case and agreed to the conviction of the crime of adulteration of milk and sentence accordingly, that is, a fine of not less than $25 nor higher than $100.   To sustain his contention he argues that the allegation of second offense is insufficient (*a*) because it does not supply the defendant with the necessary information to prepare his defense, and (*b*) because it does not express that the first conviction was final, it being possible that it could have been reversed or stayed. The allegation of second offense was thus stated:

"The second offense of Manuel Morales is alleged because this defendant was sentenced by the Hon. District Court of Arecibo to pay a fine of $25 on October 14, 1937, in case No. 5370."

The insufficiency of the allegation of second offense was not raised in the lower court.   It is raised for the first time on appeal.   As was said in *People* v. *Quirindongo*, 31 P.R.R. 609, the question has been raised too late for it to prosper. The fact that the defendant pleaded guilty does not alter the situation.   That circumstance does not place him in a more advantageous position than if he had pleaded not

guilty. At the arraignment he had the opportunity to raise the question, and he failed to do.it, though nobody prevented him from doing so. But assuming that he could raise the question on appeal, we would have to sustain that the allegation of second offense furnished the defendant sufficient information to prepare his defense as in the same there was shown the court which had sentenced him, the number of the case, the penalty imposed and the date, as well as the nature of the crime. In the case of *People* v. *Toro*, 32 P.R.R. 737, 738, the allegation of second offense read thus:

" . . . The said Luis Toro, who is a second offender under this act, according to a final judgment of this court of October 13, 1920 . . ."

· This court, upon sustaining the sufficiency of the above-transcribed allegation, said:

"In our opinion the information charges a second offense with sufficient clearness and precision. A second offense means a repetition of the same offense, and under our present penal system the matter is governed by sections 56 to 61 of the Penal Code treating of 'subsequent offenses.' The second offense in this case is special and the information charges it by following the language of the statute. The words 'second offender,' the expression of the court that rendered the judgment, and the date of the judgment are sufficient information to enable the defendant to prepare his defense."

The fact that in the allegation in the case of *People* v. *Toro, supra,* the words "under this act" were used, does not alter the situation, as in the case at bar the words used were "second offense," that according to the definition of Escriche in his *Diccionario de Legislación y Jurisprudencia* means "the reiteration of the same fault or crime."

The second contention lacks merit. The former judgment entered by the District Court of Arecibo is presumed to be valid. Section 464, Code of Civil Procedure, subdivisions 16 and 17. Whether said judgment was subsequently reversed or stayed, is a matter of defense, and therefore it is the defendant and not the prosecuting attorney who must

allege and prove it. *State* v. *Findling* (Minn. 1915) 144 N. W. 142, 144; *State* v. *Vendetta* (W. Va. 1920) 103 S. E. 53; *Newsom* v. *State* (Tex. 1938) 123 S. W. (2d) 887; *Gragg* v. *Commonwealth* (Ky. 1907) 104 S. W. 285.

For the reasons stated the appeal must be dismissed and the judgment appealed from affirmed.