## CHARLES MELTON LEFORS alias SONNY LEFORS V. STATE

Rehearing Denied November 3, 1954
No. 26,987. May 26, 1954

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) December 1, 1954

Petition for Writ of Certiorari Denied by Supreme Court of the
United States May 16, 1955, Filed May 21, 1955

*Percy Foreman*, Houston, *Doss Hardin*, Fort Worth, *Baldwin & Votaw*, by *Everett Lord and E. V. Votaw*, Beaumont, and *Maury Hughes* and *Howard Dailey*, Dallas, for appellant.

*Ramie H. Griffin*, Criminal District Attorney, *Joe B. Goodwin*, Assistant Criminal District Attorney, Beaumont, and *Wesley Dice*, State's Attorney, Austin, for the State.

MORRISON, Judge.

The offense is felony theft, with a prior conviction for an of-

fense of like character plead to enhance the punishment; the punishment, ten years.

A ring, certain diamond earrings and a sum of money were stolen from the cedar chest of Marie Ellis in Beaumont. Their total value was shown to be far in excess of $50.00.

Appellant's guilt is shown by four incriminating facts:

1. Marie identified appellant as being one of three men who came to her place of business, who remained in the vicinity of her cedar chest while she and the other two went to the back of the house, and who was seen coming from the rest room when they returned. She stated that after the three left she noticed that her valuables had been taken from her cedar chest.

2. Appellant's written confession recites that he took the objects from the chest in the absence of the other three.

3. Appellant's oral confession was made sometime later, in which he told Officer Wingate where his companion had disposed of the diamonds and which enabled the officer to recover the stolen gems.

4. The testimony of appellant's companion, an accomplice, Neal Aeby, corroborated Marie's testimony, and, in addition, he stated that he saw the diamond earrings in the possession of their companion Braggins as he, Braggins, and the appellant left Marie's place.

Appellant's able counsel devotes the greater portion of his 97-page brief to the question of the admissibility of appellant's written confession. The question of the voluntary nature of appellant's confession was submitted to the jury, and, since they have passed upon the issues of fact raised by virtue of the conflict between the testimony of appellant and the officers who had him in custody, our task is to determine whether the confession was inadmissible as a matter of law. The test applied by this court and the Supreme Court of the United States in determining such question is to examine the undisputed evidence and determine therefrom if there is any evidence which would render the confession inadmissible.

We shall attempt to eliminate from discussion corollary issues which might affect the credibility of the witnesses.

Appellant was arrested at his place of business in the city

of Dallas in North Texas in the early evening of April 4 by Texas Ranger Phillips, Officer Wingate of the Beaumont City Police, and Deputy Sheriff Bridges of Jefferson County. They had in their possession a warrant for appellant's arrest issued in Jefferson County. Appellant asked for permission to telephone Bill Decker, Sheriff of Dallas County, which permission was refused. These officers had another prisoner in the automobile with them at the time, and shortly after arresting appellant they left Dallas and proceeded in a southeasterly direction to Woodville, where they left Ranger Phillips, and proceeded in the same direction until they arrived in Newton in Newton County. Both Newton and Beaumont are in the extreme southeasterly corner of Texas. They arrived in Newton at approximately 3:00 a.m. of April 5, and there deposited the appellant with Sheriff Humphreys of that county, who had a warrant for appellant's arrest, and then proceeded on to Beaumont with their other prisoner. Appellant was questioned by Sheriff Humphreys for approximately two hours immediately before noon on April 5, and the sheriff decided that he did not have sufficient evidence to support the charge against the appellant which he had pending in his county. Appellant was not carried before a magistrate in Newton County, and he does not claim that any brutality was inflicted upon him while there. Appellant's mother and sister came to Newton and were refused permission to enter the jail. The jail is evidently a one-story structure. The deputy sheriff says that he did not permit visitors inside the jail to visit prisoners when he was there alone, as he was on this day, because of his fear of an escape attempt. He says, however, that they stood on the outside and talked to appellant an unlimited time. Appellant's mother and sister say that they saw the appellant in the jail and that he called to them. They do not say whether or not they talked to him.

Sometime in the early morning of April 6 two officers came from Beaumont, reassumed custody of appellant, carried him to Beaumont and before a justice of the peace and thence to jail.

The confession is dated April 7. Dean Eberhard, the investigator for the district attorney's office, testified that the confession was made on that day. The appellant does not deny that it was made on that day but says that he does not remember making it at all. We must therefore test its admissibility as if it were made on that day.

The record discloses that the appellant was detained in the

Beaumont jail for approximately a month following the making of this confession, during which time he was questioned at some length about certain murders to which he did not confess and about numerous burglaries, to some of which it appears he did confess. Appellant claims brutality was inflicted upon him during his confinement in Beaumont. We will not in this case pass upon the voluntary nature of any subsequent confessions he may have made. We will pass upon them if and when those cases reach us. We will limit our consideration of this case to treatment accorded appellant prior to making this confession.

This is not a case where the accused was arrested without a warrant and made a confession before he was carried before a magistrate. All of the officers mentioned by the appellant were called in rebuttal and denied specifically all the mistreatment claimed by appellant. This leaves, then, the twenty-seven-hour stopover in Newton before appellant was carried before a magistrate.

It has been the consistent holding of this court, and of the Supreme Court of the United States in passing on state court cases, that the rule in McNabb v. U. S. 87 L. Ed. 819, does not apply and that the failure to take an accused forthwith before a magistrate does not in itself standing alone vitiate a confession. Dimery v. State, 156 Texas Cr. Rep. 197, 240 S.W. 2d 293; Gallegos v. Nebraska, 342 U.S. 55, 72 S. Ct. 141, 96 L. Ed. 86; Shook v. State, 156 Texas Cr. Rep. 515, 244 S.W. 2d 220; Leviness v. State, 157 Texas Cr. Rep. 160, 247 S.W. 2d 115; Golemon v. State, 157 Texas Cr. Rep. 534, 247 S.W. 2d 119 (writ of certiorari denied); Gasway v. State, 157 Texas Cr. Rep. 647, 248 S.W. 2d 942 (writ of certiorari denied); Paris v. State, 157 Texas Cr. Rep. 580, 249 S.W. 2d 217 (writ of certiorari denied); Hulen v. State, 157 Texas Cr. Rep. 507, 250 S.W. 2d 211; Stroble v. California, 343 U.S. 181, 72 S. Ct. 599, 96 L. Ed. 872; Stein v. N. Y., 346 U.S. 156, 73 S. Ct. 1077, 97 L. Ed. 1522.

Appellant at great length challenges the legality of his arrest in Dallas. As stated, the officers had a warrant for the appellant's arrest, and they acted in accordance with the terms of Article 234, V.A.C.C.P., when they carried him before the magistrate in Jefferson County.

We find the confession admissible as a matter of law, and the jury has passed upon the conflict between the testimony of the appellant and the officers as to brutality.

Appellant says that the evidence is insufficient to support the conviction. A discussion of each contention raised would lengthen this opinion beyond justification. We shall discuss a few.

Appellant says there is no evidence that the valuables were taken from Marie without her consent. It is true that Marie did not say in so many words that the appellant took her property without her consent, but we do find in the appellant's confession the following: "No one gave me permission nor did I hear anyone give Neal or Bob permission to take anything from Marie's room."

The State relies upon Cox v. State, 144 Texas Cr. Rep. 554, 164 S.W. 2d 848, and rightly so. In that case the owner of the hogs did not testify that they were taken without his consent, but the accused's confession said that he did not have the owner's consent to take them. We held that this constituent element of theft was established by the confession.

Appellant objected to the court's charge because it failed to define an accomplice and tell the jury if they found that the appellant was an accomplice to the theft they should acquit. Appellant testified that he did not go to Marie's place with Braggins and Aeby and knew nothing of the theft. Such testimony raises the issue of guilt vel non and nothing more.

Appellant objected to the court's charge because it instructed on the law of principals and then told the jury that Aeby was an accomplice as a matter of law. He says that an actor cannot be a principal and an accomplice at the same time. We will not pursue the matter further than to observe that the evidence shows that Aeby was a principal to the theft from Marie, and so when he came into court to testify about the theft he became an accomplice witness.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

In proving the former conviction relied upon by the court in assessing the punishment under Art. 62, P.C., the state offered in evidence a certified copy of the sentence in Cause No.

5983(A) in criminal district court of Dallas County, dated June 22, 1940, which concludes as follows: " . . . and the said defendant is remanded to jail until said sheriff can obey the directions of this sentence gives notice of appeal."

Appellant points out that there was no proof as to the disposition of an appeal in said cause, and urges for the first time the insufficiency of the evidence to show a final conviction in Cause No. 5983(A).

We held in Newsom v. State, 136 Texas Cr. Rep. 114, 123 S.W. 2d 887, that if the state's evidence shows that the prior judgment relied upon was appealed from, the defendant is relieved of the burden ordinarily resting upon him to show that the prior conviction was not final. It was pointed out in the Newsom case that the records of this court failed to show that such appeal had reached us.

We have also held that a notice of appeal is sufficient which recites that appellant "gives this, his notice of appeal." Braun v. State, 158 Texas Cr. Rep. 394, 257 S.W. 2d 708.

Also, in Brannan v. State, 76 Texas Cr. Rep. 492, 175 S.W. 697, and Newsom v. State, 142 Texas Cr. Rep. 47, 151 S.W. 2d 225, we have upheld the sufficiency of the entry of notice of appeal where shown in the sentence, as it appears in the minutes of the trial court.

Appellant relies upon these holdings and others where the question before us was an accused's right to have a review on appeal of a conviction against him. In such a situation this court views the record in the light of the right of appeal being favored and the statutes are to be liberally construed and interpreted in order to avoid, if possible, a forfeiture of such right.

We note that there is nothing in the sentence offered by the state here to show that the defendant or his counsel gave notice of appeal in the prior trial, or that it was given in open court.

It is observed further that the historical fact of the conviction in Cause No. 5983(A) and its having become a final conviction long before the commission of the present offense is known to this court from its own records, because the conviction was affirmed in LeForis v. State, 141 Texas Cr. Rep. 316, 148 S.W. 2d 201.

We also know from the records of our court that the notice of appeal which was relied upon was not that here shown, but was a notice in full and regular form, given when the motion for new trial was overruled, and was entered as a part of that order. The sentence, as found in that record on appeal, contains no reference whatever to an appeal having been taken.

Another fact which may bear on the question here is that it was admitted and stipulated that appellant was the same person who was sentenced in the former trial and the sentence was referred to in his testimony as a conviction. Until motion for rehearing in this court it was not suggested that the conviction was not final because of an appeal. The only reservation in the admission was that it would not be stipulated that such conviction was a valid conviction.

From the records of this court we know that the conviction was affirmed long prior to the present offense and was therefore valid.

Lastly, it should be remembered that the prior conviction was not a part of the offense charged, and that the sole burden on the state, in order to have the punishment fixed under Art. 62, P.C., was to establish as an historical fact such prior conviction.

Under the facts here we would not be warranted in applying the rule stated in Newsom v. State, 136 Texas Cr. Rep. 114, 123 S.W. 2d 887, and in reversing the conviction for failure of the state to show the affirmance of the judgment of conviction in the prior case. As stated, our records in that case did not show that Newsom's appeal had ever reached this court, whereas in the instant case they show the affirmance of the judgment and the issuance of the mandate.

Appellant's motion for rehearing is overruled. ,