EDWARDO ZAVALA HERNANDEZ, *alias* MANUEL ALANIZ HERNANDEZ v. STATE

No. 29,293. November 27, 1957.

No attorney for appellant of record on appeal.

*Jim Bates,* Criminal District Attorney, by *Robert Ornelas,* Assistant District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary of a private residence at night; the punishment, five years.

The prosecuting witness testified that he and his family left home in the morning on the day in question and when they returned that night at eleven o'clock he discovered that his home had been broken into and a radio and several articles of wearing apparel had been stolen. He reported the burglary to the sheriff's office, and Deputies Sargent and Ponce came to investigate. Both officers, after examining the area around the window, through which entrance had been made, left his home following a set of tracks. The officers returned within the hour and had his missing belongings and one Hernandez in their custody. After he had identified the stolen goods, the officers left and returned within another hour with Hernandez (who was identified in our cause No. 29,292 as Juan Hernandez Elizondo alias Antonio Martinez Hernandez, 307 S.W. 2d 90, and the appellant. The appellant had worked for the injured party for short while during the preceding year.

Officer Ponce testified that he and his companion Sargent followed two sets of tracks from the window to the road, were able to pick up the tracks again some distance away, and then followed them to an abandoned shack, where they found the man referred to as Hernandez and the fruits of the burglary. He testified that Sargent stayed in the shack and he took the man referred to as Hernandez and the goods back to the injured party's house and called Lt. Tagle of the Edinburg police over the radio. After some time, he got a call from Lt. Tagle, went to town, and found that he had the appellant in custody.

Raul Trevino, an Edinburg taxicab driver, testified that the appellant came to his stand shortly after midnight on the night in question and offered him a man's jacket in lieu of a taxi fare out "to a little ranch to pick up some things," and then on to Hidalgo on the border. He stated that Lt. Tagle stopped his taxi before he got to the ranch and arrested the appellant.

Appellant's full confession was introduced into evidence, in which he details his movements in company with Juan Hernandez Elizondo prior to the burglary, of their arrival at the home of the injured party (for whom he had worked) after nightfall, of their entry into the house, and of carrying the goods to the shack where Juan Hernandez Elizondo was to wait for him until he went to Edinburg to secure a taxi to carry them to Mexico. It further relates that, since they had no money, Juan Hernandez Elizondo furnished a jacket which he might pledge with a taxi driver for the fare and how he did so and was then arrested.

The appellant did not testify or offer any evidence in his own behalf.

From the above, we find that every constituent element of the offense charged was established independently of the confession except that the breaking occurred at night. Recently, in Le Fors v. State, 161 Texas Cr. Rep. 544, 278 S.W. 2d 837, we were confronted with the contention that the injured party had failed to testify that the property was taken without her consent and therefore an essential element of the offense had not been shown. In that case we said:

"* * * It is true that Marie did not say in so many words that the appellant took her property without her consent, but we do find in the appellant's confession the following: 'No one gave me permission nor did I hear anyone give Neal or Bob permission to take anything from Marie's room.'

"The State relies upon Cox v. State, 144 Texas Cr. Rep. 554, 164 S.W. 2d 848, and rightly so. In that case the owner of the hogs did not testify that they were taken without his consent, but the accused's confession said that he did not have the owner's consent to take them. We held that this constituent element of theft was established by the confession."

So, likewise, we here find that the appellant's confession which recited that they entered the house "about 8 P.M." sup-

plied this missing element, and we find the evidence sufficient to support the conviction.

Two requested charges were submitted. Without passing on the state's contention that they are not properly before us, we will discuss the same.

Requested Charge No. 1 contained an instruction to the jury not to consider the appellant's confession unless they found that it was voluntarily made. As has been stated, the appellant did not testify or offer any evidence in his behalf. Recently, in Patrick v. State, 164 Texas Cr. Rep. 427, 299 S.W. 2d 302, we held that, where no issue had been made by the evidence as to the voluntary nature of the confession, there was no necessity in submitting such an issue to the jury.

Requested Charge No. 2 contained an instruction on the necessity of the state corroborating the confession. We quote from Johnson v. State, 117 Texas Cr. Rep. 103, 36 S.W. 2d 748:

"* * * * It is the general rule that, 'where there is no doubt that the crime has been committed by somebody, and defendant's agency with it is shown alone by his confession, it is not reversible error to fail to charge that a conviction could not be had upon a confession alone.'"

See also Kugadt v. State, 38 Texas Cr. Rep. 681, 44 S.W. 2d 989.

We find such authorities here controlling.

Appellant's two court-appointed attorneys are to be commended for their diligence in his behalf.

The judgment of the trial court is affirmed.