Arthur Gordon ABEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 38414.

Court of Criminal Appeals of Texas.

June 23, 1965.

Rehearing Denied Oct. 13, 1965.
Second Motion for Rehearing Denied
Nov. 24, 1965.

W. W. "Bill" Tupper, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for nighttime burglary of a house; the punishment, enhanced un-

der Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, twelve years.

The state's evidence shows that on the night in question a building occupied by the Knox Motor Company in the city of Ozona was broken into and burglarized. When Mr. Knox, the owner, entered the building the next morning he found the safe, which had been opened, and a cash register lying on the floor. Papers from the safe, some of which had been partially burned, were on the floor. The hose from a cutting torch led from the shop into the office. Entry into the building had been made through a large sliding door in the rear which had been forced open. Approximately $250 in cash and some tools were missing from the building.

It was further shown that on the night of the burglary a 1957 Dodge automobile which appellant had recently purchased was seen parked at the north entrance of a parking lot of the motor company.

Appellant was arrested by certain officers in Jones County and, after being returned to Crockett County by Sheriff Billy Mills, made and signed a written confession which was introduced in evidence as state's exhibit # 4.

Prior to admitting the confession in evidence, a hearing was held by the court, in the absence of the jury, on the question of its admissibility.

At the hearing, Sheriff Mills testified that on December 20th he took appellant into custody in Jones County and returned him to Crockett County, arriving around midnight. Appellant was placed in jail and the next morning was taken before a justice of the peace, who fixed his bond at $5,000. When arraigned, appellant was told that he had the right to talk to a lawyer and to make telephone calls. Appellant was then returned to jail and thereafter made various telephone calls. On December 24, appellant informed the sheriff that he wanted to make a statement. After

being interrogated for some thirty minutes and duly warned, appellant made and signed the written confession. The sheriff swore that no threats or promises were made to appellant and that the statement was voluntarily made. No evidence was adduced by appellant.

Before the confession was admitted in evidence, an independent finding was made by the court, duly filed of record, that appellant was duly warned and voluntarily made the confession.

In his confession appellant admitted having entered and burglarized the building on the night in question. He related that he drove from his home in Hamlin to Ozona in a 1957 Dodge automobile. He stated that after dark he parked the automobile on the north side of the building and then broke into the building through a sliding door. He then proceeded to pull a welding rig up close to the office and cut through the safe door and remove certain records and money therefrom. Appellant stated that when he left he took some tools with him and that the next morning he went to the bus station and shipped the tools, with some money and clothing, to Hamlin.

It was further shown that on December 16, 1962, a freight bill was issued by the Oilfield Bus Lines at Sonora to one Sonny Able for the shipment of some clothes and tools to the same person at Hamlin, Texas. A box recovered by Officer Stinnett from the bus station in Hamlin, addressed to Sonny Able, was shown to contain certain tools missing from the Knox Motor Company building.

In proof of the prior alleged conviction, the state introduced in evidence certified copies of the judgment and sentence in Cause No. B–2097 on the docket of the 161st Judicial District Court of Ector County. which showed that on November 17, 1959 the defendant therein was finally convicted of the offense of burglary. Appellant was identified at the trial by an assistant district

attorney and a deputy sheriff of Ector County as the person so convicted.

Appellant did not testify or offer any witnesses in his behalf.

■ Error is urged to the court's action in refusing appellant's oral request for a postponement of the case.

Art. 540, Vernon's Ann.C.C.P., provides for the continuance of a criminal case on the written application of the state or the defendant. Not having complied with the statute, appellant is in no position to complain of the court's action, and nothing is presented for review. Berry v. State, 165 Tex.Cr.R. 454, 308 S.W.2d 877.

■ Error is also urged to the court's refusal to grant appellant's motion that the jury be required to make a separate finding as to the voluntary nature of the confession.

We perceive no error. As heretofore shown, the court held a hearing in the absence of the jury on the question and made an independent finding, before admitting the confession in evidence, that it was voluntarily made. The voluntary nature of the confession was then submitted to the jury under appropriate instructions. Such procedure by the court was in compliance with that prescribed in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 908, and Lopez v. State, Tex.Cr.App., 384 S.W.2d 345.

■ We overrule appellant's contention that the evidence is insufficient to support the conviction. The evidence presented by the state shows the commission of a burglary by someone. Appellant's confession may be used to identify him as the guilty party. Estes v. State, 160 Tex.Cr.R. 632, 274 S.W.2d 411; Earl v. State, 170 Tex.Cr. R. 540, 342 S.W.2d 328.

■ We find no merit in appellant's contention that the court erred in failing to require the jury to find that the confession was corroborated. No request was made for such a charge. Had a request been made, the charge would not have been required under the facts, where there was no doubt that the crime had been committed and appellant's agency was shown by his confession. Hernandez v. State, 165 Tex. Cr.R. 329, 307 S.W.2d 88.

Appellant's remaining complaints to the court's ruling on the admission of evidence have been considered and are overruled.

■ The freight bill issued by the Oilfield Bus Lines at Sonora for shipment of freight to one Sonny Able at Hamlin was admissible as a business record, under the provisions of Art. 3737e, Vernon's Ann.Civ. Statutes.

■ The evidence offered by the state showing recovery of the box of tools addressed to Sonny Able was not subject to the objection that it was obtained as the result of an illegal search and seizure, as the box was not recovered as the result of a search but was recovered by the officer at the bus station after appellant had told the sheriff where it might be found.

■ The sentence imposed by the trial court orders that appellant be confined in the Texas Department of Corrections for a term of "not less than two nor more than twelve years."

The sentence is reformed so as to provide no minimum punishment and to read that appellant be confined for a term of twelve (12) years. Art. 62, V.A.P.C.

As reformed, the judgment is affirmed.

Opinion approved by the court.