Alfred TUCKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-90-00690-CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 13, 1991.

Rehearing Overruled July 18, 1991.

Randy McDonald and Cynthia Russell Henley, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Linda West, Marc Brown, Asst. Harris Co. Dist. Attys., for appellee.

Before SAM BASS, DUNN and PRICE [1], JJ.

## OPINION

SAM BASS, Justice.

Appellant, Alfred Tucker, was convicted of delivery of a controlled substance. Based on enhancement paragraphs to which appellant pleaded "true," the jury assessed punishment at confinement in the penitentiary for sixty years.

Appellant raises two points of error. First, appellant contends that the evidence presented by the State was insufficient to establish that the conviction used in the second enhancement paragraph was final. Second, appellant asserts that reversible error was committed during closing argument when the prosecutor stated that defense counsel was trying to "trick" an officer who testified on behalf of the State. We will consider appellant's points of error in the order presented.

The indictment under which appellant was convicted alleged two prior convictions for enhancement purposes, one for aggra-

vated assault on a peace officer and one for robbery. The State sought to prove the enhancement convictions by introducing penitentiary packets into evidence. The verdict in the penitentiary packet that was offered by the State to prove the conviction of robbery contains the following statement: "Defendant gave notice of appeal to the Court of Criminal Appeals, Austin, Texas." This notice of appeal was given in open court on April 17, 1979, and was sufficient to perfect an appeal. TEX.CODE CRIM. P.ANN. art. 44.08(a).[2]

Appellant pleaded "true" and stipulated to both convictions; however, the State offered no evidence that the conviction for robbery was a *final* conviction. Section 12.42 of the Texas Penal Code states:

If it be shown on the trial of any felony offense that the defendant has previously been *finally convicted of two felony offenses*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years.

TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1991) (emphasis added).

A conviction that has been appealed is not considered final until the appellate court affirms the conviction and issues its mandate. *Johnson v. State*, 784 S.W.2d 413, 414 (Tex.Crim.App.1990); *Carter v. State*, 510 S.W.2d 323, 324 (Tex.Crim.App. 1974). In the case now before this Court, the State itself introduced evidence that Tucker appealed his conviction of robbery. The State then had the burden to establish what disposition was made of the appeal. *Jones v. State*, 711 S.W.2d 634, 636 (Tex. Crim.App.1986); *Newsom v. State*, 136 Tex.Crim. 114, 123 S.W.2d 887, 889 (Tex. Crim.App.1938).

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

2. Act of June 18, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 512–13, *repealed by* Act of June 14, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472–73 (current version at TEX.R.APP.P. 41(b)(1)).

■ The case of *Spiers v. State,* 552 S.W.2d 851 (Tex.Crim.App.1977), controls our holding in the present case. In *Spiers,* the Texas Court of Criminal Appeals noted that although the appellant admitted two prior convictions, the burden was on the State to prove the convictions were final. *Id.* at 852. The record before the court stated that appellant's sentence was suspended on one of the convictions. *Id.* Thus, the court noted that in the absence of proof as to finality, the conviction could not be used for enhancement. *Id; see also Sanders v. State,* 785 S.W.2d 445, 448 (Tex. App.—San Antonio 1990, no pet.)

The State did not offer a mandate from the appellate court or any other proof to show that the conviction for robbery was final. *Jones,* 711 S.W.2d at 636. Evidence of finality cannot be sufficient when no evidence of finality has been introduced. *Johnson,* 784 S.W.2d at 414. Thus, the State failed to meet its burden of proof to show the conviction for robbery was final. *Diremiggio v. State,* 637 S.W.2d 926, 928 (Tex.Crim.App.1982).

■ The Texas Court of Criminal Appeals recently concluded that a harmless error analysis cannot be applied when the State fails to meet its burden of proof to show the finality of a conviction used for enhancement. *Russell v. State,* 790 S.W.2d 655, 656 (Tex.Crim.App.1990). Because the State failed in its burden of proof concerning finality of the conviction of robbery for purposes of enhancement, we sustain appellant's first point of error.

■ In his second point of error, appellant contends that reversible error was committed during closing argument when the prosecutor accused defense counsel of trying to trick an officer who testified on behalf of the State. Specifically, appellant complains of the following argument by the prosecutor:

> Now, Mr. Scham [defense counsel] has suggested that the officer changed his story after lunch. No. What happened was Mr. Scham tried to trick the officer into saying something different; but if you think about what was said before

lunch and after lunch, this man's story was consistent through and through....

Initially, we note that no objection was made to the above statement. The general rule is that any impropriety in the prosecutorial argument is waived by a defendant's failure to make a proper and timely objection. *Briddle v. State,* 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988); *Gill v. State,* 646 S.W.2d 532, 533 (Tex. App.—Houston [1st Dist.] 1982, no pet.). An exception may be invoked by the reviewing court when the prosecutor's argument was so prejudicial that an instruction to disregard would not cure the harm. *Romo v. State,* 631 S.W.2d 504, 505 (Tex. Crim.App.1982).

We have examined the arguments of defense counsel and have concluded that the comments of the prosecutor were invited by the argument of defense counsel, who stated:

> [M]aybe I misunderstood what he [the officer] testified to on direct examination. I was trying very hard to listen to him carefully. We submit he changed the story after lunch when he took the stand, and I cross-examined him. He forgot what he testified to before lunch, and he came back with a different story....

*See Smith v. State,* 541 S.W.2d 831, 840 (Tex.Crim.App.1976), *cert. denied,* 430 U.S. 937, 97 S.Ct. 1565, 51 L.Ed.2d 783 (1977); *Miller v. State,* 479 S.W.2d 670, 672 (Tex. Crim.App.1972).

This Court reviewed the argument in light of the record as a whole. *Briddle v. State,* 742 S.W.2d 379, 390 (Tex.Crim.App. 1987), *cert. denied,* 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). We conclude that the invited argument does not call for reversal. *Vigneault v. State,* 600 S.W.2d 318, 329 (Tex.Crim.App.1980). Point of error two is overruled.

Because the error occurred at the penalty stage of the trial, the sentence of appellant is set aside, and the case on appeal is remanded to the trial court only for assessment of punishment. Tex.Code Crim. P.Ann. art. 44.29(b) (Vernon Supp.1991).

The State is prohibited from attempting to use in any fashion the alleged prior felony conviction in cause number 11,245 for the purpose of enhancing appellant's punishment for the primary offense. *Jones v. State*, 711 S.W.2d 634, 636 (Tex.Crim.App. 1986).